UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRANK RICHMOND, MICHAEL MCDERMOTT and KELLEY MCDERMOTT, each individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>HOME PARTNERS HOLDINGS LLC, HP WASHINGTON I LLC, HPA BORROWER 2017-1 LLC, and OPVHHJV, d/b/a PATHLIGHT PROPERTY MANAGEMENT,<br><br>    Defendants. | CASE NO. 22-5704-DGE-RJB<br><br>ORDER ON PLAINTIFFS' MOTION FOR CLARIFICATION OR LIMITED MOTION FOR RECONSIDERATION |

This matter comes before the Court on the Plaintiffs' Motion for Clarification or Limited Motion for Reconsideration. Dkt. 173. The Court has considered the pleadings filed regarding the motion and the remaining file.

The tenant-Plaintiffs in this case allege that the Defendants, a national real estate investment and property management conglomerate, use illegal leases and engage in practices that violate the Plaintiffs' rights under Washington's Residential Landlord Tenant Act, RCW

59.18, *et. seq*. ("RLTA"). Dkt. 95. The Plaintiffs also contend that the Defendants breached their duty of good faith and fair dealing and were unjustly enriched. *Id*.

On July 2, 2024, the Order Granting, in Part, and Denying, in Part Defendants' Motion for Summary Judgment ("Order") was entered. Dkt. 167. As is relevant here, in section II.B.1. the Order provided:

> While it appears clear that RLTA provisions are clearly enforceable in conflicts with Defendants' form leases, it is less clear whether equitable considerations require that Defendants' form leases should be modified to explicitly incorporate RLTA requirements into the Defendants' form leases. This issue is not fully argued in this motion, and should be left open for further showing in connection with Plaintiffs' class certification motion.

Dkt. 167 at 16. The Order went on to grant Defendants' Motion for Summary Judgment as to "inclusion of RLTA provisions into existing issues of interpretation of the parties' contractual relationships," but denied it "as to requirements to include the RLTA provision into new, inclusive lease forms." *Id.* Stated another way, Defendants' Motion for Summary Judgment was denied, "including format requirements for Defendants' form leases." *Id.* at 26.

The Plaintiffs now seek clarification or a limited reconsideration of this part of the Order related to their RLTA claims. Dkt. 173.

## DISCUSSION

Local Rule W.D. Wash. ("Local Rule") 7(h)(1) provides that "[m]otions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."

In their motion, the Plaintiffs request that the Court clarify that the "format requirements" mean "the provisions in the RLTA governing written leases, *see, e.g.,* RCW §§ 59.18.360, 59.18.230(1)-(2), which Plaintiffs allege Defendants have violated, and therefore Defendants'

ORDER ON PLAINTIFFS' MOTION FOR CLARIFICATION OR LIMITED MOTION FOR RECONSIDERATION - 2

1  motion for summary judgment is denied as to this portion of Plaintiffs' RLTA claims." Dkt. 173

2  at 2.  The Plaintiffs also move for clarification/reconsideration of the phrase "showing in

3  connection with Plaintiffs' class certification motion."  *Id.*  They wish the Court to clarify that it

4  does not mean that the Court will determine Plaintiffs' underlying claims on the merits, only that

5  it will determine whether these claims are capable of class wide resolution.  *Id.*

6      The Plaintiffs have failed to demonstrate that reconsideration of these portions of the

7  Order is warranted.  They have not pointed to a "manifest error in the prior ruling or a showing

8  of new facts or legal authority which could not have been brought to its attention earlier with

9  reasonable diligence."  Local Rule 7(h)(1).

10     Moreover, they have also failed to show that clarification of the Order is necessary.  The

11 Order provides an adequate explanation regarding which of Plaintiffs' RLTA claims survived

12 summary judgment.  As the parties seeking class certification, it will be the Plaintiffs' burden to

13 demonstrate that their theories of recovery are amenable to class wide resolution under Fed. R.

14 Civ. P. 23.  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).  The relevant standards

15 and law for considering whether a class should be certified will apply.  The Plaintiffs' Motion for

16 Clarification or Limited Motion for Reconsideration (Dkt. 173) should be denied.

17     **IT IS SO ORDERED**.

18     The Clerk is directed to send uncertified copies of this Order to all counsel of record and

19 to any party appearing pro se at said party's last known address.

20     Dated this 18th day of July, 2024.

*(signature)*

ROBERT J. BRYAN
United States District Judge

ORDER ON PLAINTIFFS' MOTION FOR CLARIFICATION OR LIMITED MOTION FOR RECONSIDERATION - 3