The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANK RICHMOND, MICHAEL MCDERMOTT and KELLEY MCDERMOTT each individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>HOME PARTNERS HOLDINGS LLC, HP WASHINGTON I LLC, HPA BORROWER 2017-1 LLC, and OPVHHJV LLC, d/b/a PATHLIGHT PROPERTY MANAGEMENT<br><br>        Defendants. | Case No.: 3:22-CV-05704-DGE-RJB<br><br>**PLAINTIFFS' AMENDED MOTION FOR CLASS CERTIFICATION AND FOR APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL**<br><br>NOTED FOR CONSIDERATION:<br><br>October 25, 2024<br><br>**Oral Argument Requested** |

Hellmuth & Johnson, PLLC
8050 West 78th Street
Edina, MN 55439
(952) 941-4005

Milberg Coleman Bryson
Phillips Grossman, PLLC
1420 Fifth Ave, Suite 2200
Seattle, WA 98101

Lockridge Grindal Nauen PLLP
100 South Washington Ave
Suite 2200
Minneapolis, MN 55401

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................. 1

THE PROPOSED CLASS DEFINITIONS AND CLASS REPRESENTATIVES ....... 3

FACTUAL BACKGROUND .................................................................................. 5

I.      Defendants Knowingly Use Leases Containing Prohibited Provisions. ............ 5

      A.      Policies and procedures assign repairs to tenants based on Defendants' "as-is" or "resident responsibility" designations. .................................................................................... 7

      B.      Late Fees......................................................................................... 10

      C.      Attorneys' Fees .............................................................................. 10

      D.      Security Deposits............................................................................ 11

ARGUMENT ........................................................................................................ 12

I.      Plaintiffs Meet the Requirements of Rule 23(a). ............................................. 12

      A.      Numerosity exists and the class is ascertainable. ............................... 12

      B.      Common questions of law or fact exist. ............................................. 13

      C.      Plaintiffs' claims are typical. ............................................................ 15

      D.      Plaintiffs have and will continue to protect the Class's interests.......................................................................................... 17

II.     Defendants Have Acted on Grounds Generally Applicable to the Class, Warranting Certification of Plaintiffs' Declaratory Judgment and Injunctive Relief Claims Under Fed. R. Civ. P. 23(b)(2) (Counts III, IV)...................... 17

III.    The Damages Subclasses Meet the Requirements of Rule 23(b)(3)................. 19

      A.      Common issues predominate within the Maintenance and Repair Subclass. ............................................................................ 19

      B.      Common issues predominate within the Fee Subclass......................... 21

      C.      Common evidence predominates on the "Move-in" and "Move-out subclasses............................................................... 22

      D.      Monetary relief can be calculated classwide following liability determinations.................................................................. 24

Hellmuth & Johnson, PLLC      Milberg Coleman Bryson       Lockridge Grindal Nauen PLLP
8050 West 78th Street          Phillips Grossman, PLLC      100 South Washington Ave
Edina, MN 55439                1420 Fifth Ave, Suite 2200   Suite 2200
(952) 941-4005                 Seattle, WA 98101            Minneapolis, MN 55401

E.    A class action is a superior means to other available methods for the fair and efficient adjudication of this controversy. ..................................................................... 26

CONCLUSION................................................................................ 28

Hellmuth & Johnson, PLLC        Milberg Coleman Bryson        Lockridge Grindal Nauen PLLP
8050 West 78th Street            Phillips Grossman, PLLC        100 South Washington Ave
Edina, MN 55439                  1420 Fifth Ave, Suite 2200     Suite 2200
(952) 941-4005                   Seattle, WA 98101              Minneapolis, MN 55401

**INTRODUCTION**

In denying without prejudice Plaintiffs' motion for class certification, the Court (1) found that Plaintiffs' proposed class definitions were too broad, (2) expressed concern that Residential Landlord-Tenant Act ("RLTA") claims based on maintenance and repairs would be too fact intensive and could not be certified under Rule 23(a) or (b)(3), and (3) rejected Defendants' arguments against certification related to late fees, attorneys fees, and security deposit retention for "service" fees. Doc. 181 (Aug. 13, 2024) (the "Order"), at 4–7. The Court explained that certification of Plaintiffs' claims with respect to maintenance and repair "will likely be denied" due to a fact intensive inquiry necessary to determine landlord liability under the RLTA. *Id.* at 5. Conversely, the Court held Plaintiffs' motion with respect to fees would "likely be granted," but noted that the parties had not sufficiently briefed the certification requirements. *Id*. at 5–6. The Court did not specifically discuss Plaintiffs' motion for certification under Rule 23(b)(2).

This amended motion addresses the Court's concerns about the proposed class definitions and the RLTA claims in connection with Rule 23. Plaintiffs interpret the Court's Order as directing Plaintiffs to circumscribe their Rule 23(b)(3) damage class definition or to suggest subclasses. In light of the Court's Order, Plaintiffs propose one Rule 23(b)(2) class and four Rule 23(b)(3) subclasses, each of which addresses the categories of alleged injury under Plaintiffs' RLTA and breach of good faith and fair dealing claims. Plaintiffs explain that for each of the proposed subclasses, liability may be determined with reference to Defendants' uniform leases, policies and procedures, data produced by Defendants, and the expert analysis of that data.

In addition, Plaintiffs propose three new class representatives—whom Defendants have deposed—to ensure that tenants who comprise the class(es) are afforded appropriate relief under the RLTA. The Court's summary judgment order

PLAINTIFFS' AMENDED MOTION FOR
CLASS CERTIFICATION  (3:22-CV-05704-DGE-RJB) - 1

Hellmuth & Johnson, PLLC
8050 West 78th Street
Edina, MN 55439
(952) 941-4005

Milberg Coleman Bryson
Phillips Grossman, PLLC
1420 Fifth Ave, Suite 2200
Seattle, WA 98101

Lockridge Grindal Nauen PLLP
100 South Washington Ave
Suite 2200
Minneapolis, MN 55401

does not bind non-named putative class members, and Plaintiffs believe the additional proposed representatives will ensure that the full complement of rights and remedies provided by the RLTA and asserted in the operative complaint, can be efficiently litigated in one action. *Schwarzschild v. Tse*, 69 F.3d 293, 297 (9th Cir. 1995) ("[W]hen defendants obtain summary judgment before the class has been properly certified…the district court's decision binds only the named plaintiffs."). Specifically, as discussed within, insofar as the class RLTA security deposit claims are concerned, proposed representative Wise had to pay for damage items at the conclusion of her tenancy, even though she had documented the condition of her property upon move-in, was not provided with compliant move-in forms or move-out statements, and disputed the damage items. All of the proposed representatives have had to undertake substantial work upon move-in, have had repair requests denied based on Defendants' "AS-IS" or "Resident Responsibility" determinations, or have had requested repairs not promptly completed. While not strictly necessary, Plaintiffs separately file a motion for leave to amend their complaint to add not only these representatives, but also to excise claims for which the Court has previously granted summary judgment to Defendants, and to clarify the scope of their RLTA and breach of good faith and fair dealing claims. *See Peterson v. Alaska Comm'ns Sys. Grp., Inc.*, 328 F.R.D. 255, 268 (D. Alaska 2018), *amended*, No. 12-CV-00090, 2019 WL 6331355 (D. Alaska Nov. 26, 2019) (noting that pleadings need not be amended to include class representatives as named plaintiffs).

For the reasons explained below, Plaintiffs believe that the law firmly establishes that Defendants' conduct gives rise to liability to Washington tenants as a whole. Class certification is appropriate and therefore should be granted.

Hellmuth & Johnson, PLLC
8050 West 78th Street
Edina, MN 55439
(952) 941-4005

Milberg Coleman Bryson
Phillips Grossman, PLLC
1420 Fifth Ave, Suite 2200
Seattle, WA 98101

Lockridge Grindal Nauen PLLP
100 South Washington Ave
Suite 2200
Minneapolis, MN 55401

**THE PROPOSED CLASS DEFINITIONS AND CLASS REPRESENTATIVES**

The Court is familiar with the experiences of named plaintiffs and proposed representatives Richmond and McDermotts. Doc. 167. The proposed class representatives Chance Gallo, Sheila Nasilasila, and Erin Wise are current or former tenants who began renting with Defendants in 2022 or 2023. All experienced maintenance and repair issues upon move-in or very shortly after. Doc. 178-3, Declaration of Erin Wise ¶¶ 3–6; Doc. 178-1, Declaration of Sheild Nasilasila ¶ 4; Declaration of Chance Gallo ¶¶ 11–14; Ex. 8, Nasilasila Dep. at 25:5–29:23; Ex. 9, Wise Dep. at 37:6–40:19.[1] Gallo and Nasilasila submitted repair or maintenance requests that Defendants denied as "AS-IS" or "resident responsibility." Nasiliasila Decl. ¶ 4; Gallo Decl. ¶¶ 11–13. Wise similarly reported issues with the home immediately upon move-in, and on move-out was charged for damaged items she did not cause. Wise Decl. ¶ 8. Like Richmond, Wise was contacted by a debt collector for amounts she did not owe. *Id.* ¶ 9; Ex. 14.

Under Rule 23(b)(2), Plaintiffs and proposed class representatives Michael and Kelly McDermott, Chance Gallo, and Sheila Nasilasila seek certification of an Injunctive and Declaratory Relief Class, comprising:

All persons who are leasing with Defendants in Washington.

These proposed representatives are current tenants. *See* Gallo Decl. ¶ 4; Doc. 113, Joint Declaration of Michael and Kelly McDermott ¶ 3; Doc. 178-1, Nasilasila Decl. ¶ 2. On behalf of the Injunctive Class, these proposed class representatives seek injunctive and declaratory relief requiring that Defendants: (1) cease their use of leases containing clauses that conflict with the RLTA, and to employ written rental

---

[1] Unless otherwise noted, all exhibits cited herein are attached to the Sept. 17, 2024 Declaration of Anne T. Regan in Support of Plaintiffs' Amended Motion for Class Certification and for Appointment of Class Representatives and Class Counsel ("Regal Decl.") filed contemporaneously with this Motion.

PLAINTIFFS' AMENDED MOTION FOR
CLASS CERTIFICATION  (3:22-CV-05704-DGE-RJB) - 3

Hellmuth & Johnson, PLLC
8050 West 78th Street
Edina, MN 55439
(952) 941-4005

Milberg Coleman Bryson
Phillips Grossman, PLLC
1420 Fifth Ave, Suite 2200
Seattle, WA 98101

Lockridge Grindal Nauen PLLP
100 South Washington Ave
Suite 2200
Minneapolis, MN 55401

agreements that meet the requirements of RCW 59.18.030(29), .060, .170, .230, .283, and .360; (2) calculate late fees solely in accordance with the RLTA or local laws; (3) comply fully with RLTA provisions governing the collection and return of security deposits; and (4) cease charging tenants for attorneys' fees unless a court has ordered that Defendants are the prevailing party in an action upon a lease.

The proposed class representatives above, along with Plaintiff Richmond and proposed class representative Erin Wise, seek certification of the following damages classes under Rule 23(b)(3), as follows and as more specifically described in the argument below:

> A.    All persons who have leased from Defendants in Washington under a written rental agreement that was active or in effect as of September 21, 2016,[2] and who (1) were required by Defendants' leases and policies to perform or pay for routine repairs or maintenance or for wear resulting from ordinary use of the premises, specifically HVAC filter replacement, lawn/yard or irrigation system maintenance, snow or ice removal, or appliance, fireplace, chimney repair or replacement,  (2) made a maintenance or repair request that was denied as "resident responsibility" or "as-is", or (3) made a maintenance or repair request to Defendants in which remediation was not commenced or promptly completed within the time limits specified by RCW 59.18.070 (the "Maintenance and Repair Subclass").

> B.    All persons who have leased from Defendants under a rental agreement in effect on or after September 21, 2016, and who were charged late fees or attorneys' fees (the "Fee Subclass");

> C.    All persons who moved in on or after September 21, 2019, and from whom Defendants collected a security deposit without providing a move-in written statement or checklist

---

[2] A six-year statute of limitations applies to claims for damages related to actions "upon a contract in writing, or liability express or implied arising out of a written agreements…" or an "action upon rents and profits from the use and occupation of real estate." RCW § 4.16.040. The three-year statute of limitations applies to claims related to security deposits. *Silver v. Rudeen Mgmt. Co, Inc.*, 484 P.3d 1251, 1255 (Wash. 2021).

PLAINTIFFS' AMENDED MOTION FOR
CLASS CERTIFICATION  (3:22-CV-05704-DGE-RJB) - 4

Hellmuth & Johnson, PLLC
8050 West 78th Street
Edina, MN 55439
(952) 941-4005

Milberg Coleman Bryson
Phillips Grossman, PLLC
1420 Fifth Ave, Suite 2200
Seattle, WA 98101

Lockridge Grindal Nauen PLLP
100 South Washington Ave
Suite 2200
Minneapolis, MN 55401

conforming to the criteria stated in RCW 59.18.260 (the "Move-in Subclass"); and

D.      All persons who moved out on or after September 21, 2019, and to whom Defendants mailed a statement without providing a full and specific statement for the reason for withholding in the time and manner specified by RCW 59.18.280 (the "Move-out Subclass").

These definitions are narrowed from the definition in Plaintiffs' operative complaint and as originally proposed by Plaintiffs in their motion for class certification, based on the Court's orders and evidence obtained in discovery, which has not closed. Because the effect of the subclass definitions is to narrow the proposed classes, the Court may consider the proposal without requiring amendment of Plaintiffs' complaint. *See C.P. by & through Pritchard v. Blue Cross Blue Shield of Illinois*, No. 20-CV-06145-RJB, 2022 WL 16835839, at *3 (W.D. Wash. Nov. 9, 2022). Nevertheless, Plaintiffs have filed a motion for leave to amend to demonstrate their readiness to do so, should the Court conclude amendment is required.

## FACTUAL BACKGROUND

### I.      Defendants Knowingly Use Leases Containing Prohibited Provisions.

In their earlier motion for class certification (Docs. 110–11, 149–50),[3] filed before the Court issued its order on Defendants' individual motion for summary judgment, Plaintiffs asserted that Defendants' liability could be determined in part with reference to Defendants' use of form leases that specifically require tenants to "agree" to take their properties "AS-IS," which Plaintiffs allege violate RCW 59.18.230(1) & 2(a)(1); *see also* Doc. 48, Order at 9 (the RLTA "provides for damages where 'a landlord knowingly uses a rental agreement containing provisions known by

---

[3] Plaintiffs incorporate by reference their supporting briefs and declarations (Docs. 110, 111, 112, 113, 149, 150, 175, and 178).

PLAINTIFFS' AMENDED MOTION FOR
CLASS CERTIFICATION  (3:22-CV-05704-DGE-RJB) - 5

Hellmuth & Johnson, PLLC        Milberg Coleman Bryson        Lockridge Grindal Nauen PLLP
8050 West 78th Street           Phillips Grossman, PLLC        100 South Washington Ave
Edina, MN 55439                 1420 Fifth Ave, Suite 2200     Suite 2200
(952) 941-4005                  Seattle, WA 98101              Minneapolis, MN 55401

1  him or her to be prohibited…The same provision also provides that rental agreements

2  that include provisions whereby tenants waive or forego rights under the RLTA are

3  'unenforceable.'"); Doc. 111-2, Richmond Lease; Doc. 111-3, McDermott Lease; Exs.

4  1–3 (Gallo, Nasilasila, and Wise Leases). In its summary judgment order, the Court

5  appeared to grant Defendants' motion for summary judgment on Plaintiffs

6  McDermotts' and Richmond's RCW 59.18.230(1) and 2(a)(1) claims, due to the

7  presence of "applicable law" clauses within the leases.[4] At the same time, the Court

8  also, without citing any specific RLTA provisions, found that "equitable

9  considerations" may "require that Defendants' form leases should be modified to

10  explicitly incorporate RLTA requirements…" Doc. 167, Order at 16, 22, 26. In the

11  context of attorneys' fees charged, the Court noted Defendants' contention that "to

12  the extent this portion of the lease conflicts with the RLTA, the provision is invalid

13  based on the express terms of the lease and the RLTA's requirements control. Yet,

14  the Defendants still charged the Richmonds the fees which is arguably contrary to

15  the RLTA." *Id.* at 19; *see also id.* at 20–21 (lease provisions permitting late fees to be

16  calculated on balance that includes late or attorneys' fees conflict with RLTA).

17      Plaintiffs assert in this amended motion that a fact finder could similarly find

18  that Defendants' conduct with respect to maintenance and repair conflicts with their

19  purported agreement to comply with applicable law, and gives rise to uniform liability

20  under the RLTA. In the context of Defendants' duties to maintain and repair under

21

22  [4] To the extent the Court dismissed the RLTA claims on this basis—no order has explicitly stated
23  whether the claims under these RLTA sections are dismissed—Plaintiffs respectfully disagree,
   because they continue to believe that Defendants have drafted their leases as they have in order to
   effectuate a waiver of tenant rights under RCW 59.18.360, thus violating section 230. In other words,
24  Plaintiffs' claims are not based on the inclusion or exclusion of RLTA provisions into the leases;
   Defendants do not have a choice about that. Plaintiffs' claims are that despite the alleged
25  incorporation, Defendants nonetheless have used sections 10 and 16 of the leases to exempt themselves
   from some of the requirements of RCW 59.18.060, without complying with section 360. Nevertheless,
26  Plaintiffs leave this issue, preserving it for appeal.

PLAINTIFFS' AMENDED MOTION FOR
CLASS CERTIFICATION  (3:22-CV-05704-DGE-RJB) - 6

Hellmuth & Johnson, PLLC        Milberg Coleman Bryson        Lockridge Grindal Nauen PLLP
8050 West 78th Street           Phillips Grossman, PLLC       100 South Washington Ave
Edina, MN 55439                 1420 Fifth Ave, Suite 2200    Suite 2200
(952) 941-4005                  Seattle, WA 98101             Minneapolis, MN 55401

RCW 59.18.060, .230 and .360, the problem for Defendants is that even where they have purportedly agreed that "applicable law" applies, their conduct evidences a failure to comply with such law—just as their failure to comply with RLTA provisions applicable to late and attorneys' fee charges evidences a failure to comply with applicable law.

**A.   Policies and procedures assign repairs to tenants based on Defendants' "as-is" or "resident responsibility" designations.**

Defendants have drafted centralized policies and procedures that specifically call out, and thus are designed to enforce, the "AS-IS" waiver in the leases. Ex. 22. The Court did not appear to address this evidence in either its summary judgment or class certification orders. Defendants' uniform policies and procedures constitute classwide evidence regarding their conduct with respect to all class members.

To start, Defendants' policies state that multiple categories of repair and maintenance are "As-Is And Resident Responsibility," including those that are "necessary to put and keep the premises in as good condition as it by law or rental agreement should have been, at the commencement of the tenancy…" RCW 59.18.060(4); Ex. 22 at DEFS_00005005 (washers and dryers are "AS IS" and resident responsibility); DEFS_0005005 (weather stripping, crawl space and attic insulation resident responsibility); DEFS_00005008 (window screens and gutter cleaning tenant responsibility after moving in); Ex. 23 at DEFS_00587081 ███████████ ████████████████████████████████████████████████ ███████████████████████████████████ Ex. 24, Florczak Dep. at 110:17–21 ██████████████████████████████████ ███████████████████████████████████████████████████ ██████████████████████████

PLAINTIFFS' AMENDED MOTION FOR
CLASS CERTIFICATION  (3:22-CV-05704-DGE-RJB) - 7

Hellmuth & Johnson, PLLC
8050 West 78th Street
Edina, MN 55439
(952) 941-4005

Milberg Coleman Bryson
Phillips Grossman, PLLC
1420 Fifth Ave, Suite 2200
Seattle, WA 98101

Lockridge Grindal Nauen PLLP
100 South Washington Ave
Suite 2200
Minneapolis, MN 55401

As evidenced by lease clauses sections 10 and 16, Defendants' policies assign specific tasks to tenants during occupancy, without regard to whether the needed repair or maintenance was due to tenant-caused damage or whether the landlord was exempt from the requirement to "keep the premises fit for human habitation," including to "make repairs and arrangements necessary to put and keep the premises in as good condition as by law or rental agreement it should have been…" RCW 59.18.060(1)–(11). Defendants' corporate witness testified that since Pathlight has managed Defendants' properties, "[t]he [resident] responsibilities are the same, the expectations are the same…" Ex. 25, 3/22/2023 30.02(f)/30(b)(6) Dep. at 194:3–6; *id.* at 198:11–19; 193:2–201:25; Ex. 24, Florczak Dep. at 106:3–5 ("[T]he lease had a provision for what the landlord would take care of and then …the resident was responsible for all else.") Defendants ensure that Defendants' employees and agents uniformly approve or disapprove maintenance requests consistent with Defendants' form lease and centralized policies. Doc. 111–27, Deposition of David Wood, at 74:5–75:4. They then use their centralized "resident portal" to convey to tenants which repair and maintenance items will be landlord responsibility and will be repaired, or which are allegedly "resident responsibility." Ex. 25, 3/22/23 30.02(f)/30(b)(6) Dep. at 28:16–31:19; Doc. 111-27, Wood Dep. at 60:19–61:5.

Defendants further admit their policies and procedures are "consistent with the lease…," (Doc. 131, Declaration of Emily Cefalu, ¶ 22), and that they consult them to determine whether to tell tenants that they should perform the requested maintenance or repair, or to charge a tenant for a particular item of alleged damage. Ex. 25, 3/22/2023 30.02(f)/30(b)(6) Dep. at 194:3–6; *id.* at 198:11–19; 193:2–201:25; Doc. 150-8, Deposition of Erin Abood, at 59:2–61:5 (Pathlight consults leases and "resident responsibilities" policy in determining what to charge back damage item to

Hellmuth & Johnson, PLLC
8050 West 78th Street
Edina, MN 55439
(952) 941-4005

Milberg Coleman Bryson
Phillips Grossman, PLLC
1420 Fifth Ave, Suite 2200
Seattle, WA 98101

Lockridge Grindal Nauen PLLP
100 South Washington Ave
Suite 2200
Minneapolis, MN 55401

tenant at end of tenancy). Defendants' other "resident responsibility" items include but are not limited to:

- Ensuring that HVAC systems are "operating properly," cleaning dirty HVAC vents and ducts, and performing "regular check-ups" (Ex. 22, DEFS_00005000);

- Fixing or furnishing a washer and dryer if the washer/dryer become non-operable (*id.*, DEFS_00005005);

- Addressing "General Repair/Handyman Items," such as chimney and fireplace cleaning, replacing carpet "if tripping hazard," "protect[ing] the home against extreme weather conditions," fixing or replacing broken or worn toilet seats, repairing fogged windows, or installing "crawl space or attic insulation," (*id.*, DEFS_00005006);

- "Adding fill dirt around a foundation" (*id.*, DEFS_00005008); and

- "Evaluat[ing]" the roof "after storms," (*id.*, DEFS_00005010).

Attached as Exhibit 21 is the list of maintenance and repair requests made between January 1, 2019 and approximately June 20, 2023 that Defendants denied as "resident responsibility" or "as-is." Plaintiffs' expert has also identified multiple instances within categories of repairs or maintenance where Defendants spent zero dollars or did not provide any type of service, such as landscaping or washer/dryers, and where Defendants spent low amounts on average, giving rise to the inference that tenants performed maintenance in these categories. Doc. 111-21, Aug. 15, 2023 Declaration of Robert Kneuper, Ph.D, at 15–22; Sept. 17, 2024 Supplemental Declaration of Robert Kneuper, Ph.D. at 3.

Classwide evidence demonstrates Defendants not only enforce these policies and procedures during the tenancy but also after tenants vacate the property. Hundreds of security deposit disposition letters sent to Class members show Defendants' routine practice of charging previous tenants for items such as

PLAINTIFFS' AMENDED MOTION FOR
CLASS CERTIFICATION  (3:22-CV-05704-DGE-RJB) - 9

Hellmuth & Johnson, PLLC
8050 West 78th Street
Edina, MN 55439
(952) 941-4005

Milberg Coleman Bryson
Phillips Grossman, PLLC
1420 Fifth Ave, Suite 2200
Seattle, WA 98101

Lockridge Grindal Nauen PLLP
100 South Washington Ave
Suite 2200
Minneapolis, MN 55401

landscaping, fence replacement, exterior power washing, gutter cleaning, carpet replacement, carpet cleaning, unclogging drains, sink stopper replacement, re-painting (despite the fact the lease prohibits tenants from painting), replacing cracked tiles around a fireplace, replacing window screens, "cabinet hardware," towel bar, and toilet paper holder replacement. Ex. 22; *see also* Ex. 13 (Wise Security Deposit Disposition letter). None of the letters provide documentation in the form of photographs, bills, or invoices, nor any statement that the items Pathlight is charging for are damage as opposed to non-chargeable "ordinary wear and tear." *See* RCW 59.18.280.

### B.   Late Fees

The Court is familiar with Defendants' lease provisions governing late fees. Doc. 167, at 19–21. Based on Plaintiffs' review of the ledgers produced by Defendants in January 2024, approximately 3,100 tenant ledgers demonstrate class members have been charged at least one "late fee" since September 2019. Regan Decl. ¶ 31. Some late fees were waived during the Washington eviction moratorium. *Id.* Additional persons within the proposed subclass may have also been charged late fees before September 2019 and since January 2024. *Id.*

### C.   Attorneys' Fees

Again, the Court is familiar with Defendants' lease provisions governing attorneys fees. Doc. 167, at 19–21. Defendants engage local law firms to issue notices to cure and notices to vacate if the tenant has a past due rent amount above a certain monetary threshold. If such a notice issues, Defendants charge a "legal services recovery fee," in addition to any late fees, to recover for the expense. Ex. 16, 2/12/24 30(b)(6) Dep. at 17:25–19:20, 38:12–39:19, 43:17–25, 46:17–47:17. Defendants' corporate designee testified that she was "not certain" if Defendants could

Hellmuth & Johnson, PLLC
8050 West 78th Street
Edina, MN 55439
(952) 941-4005

Milberg Coleman Bryson
Phillips Grossman, PLLC
1420 Fifth Ave, Suite 2200
Seattle, WA 98101

Lockridge Grindal Nauen PLLP
100 South Washington Ave
Suite 2200
Minneapolis, MN 55401

1   substantiate the legal services recovery fees they charge to tenants for routine review

2   of past due rent amounts or any other lease violation with an order stating

3   Defendants were prevailing parties entitling them to the attorneys' fee recovery. *Id.*

4   at 21:21–22:24.

5         Based on Plaintiffs' review of the ledgers produced by Defendants in January

6   2024, approximately 380 tenant ledgers demonstrate class members have been

7   charged at least one "legal fees recovery" since September 2019. Regan Decl. ¶ 32.

8   Additional persons within the proposed subclass may have also been charged before

9   September 2019 and since January 2024. *Id.* Some of these class members were also

10  charged late fees. *Id.*

11      **D.**   **Security Deposits**

12        The Court is familiar with the factual predicates of these claims and all of the

13  proposed representatives have testified about Defendants' failure to provide a move-

14  in ready property, citing defects related to the presence of mold, mildew, or similar

15  matters; failure to provide keys or mailbox keys; failure to attend to the landscaping

16  or HOA requirements; and failure to ensure that appliances that came with the home

17  were operable. Gallo Decl. ¶¶ 8–13; Doc. 112, Richmond Decl. ¶¶ 12–15; Doc. 113,

18  McDermotts Decl. ¶¶ 9–10; Doc. 178-3, Wise Decl. ¶¶ 3–6; Doc. 178-1, Nasilasila Decl.

19  ¶¶ 4, 7–10; Ex. 9, Wise Dep. at 36:6–17. None were provided with compliant "move-

20  in" forms. *E.g.,* Ex. 15 (Nasilasila); Doc. 112-1 (Richmond).

21        Upon move-out, Richmond was charged an unexplained "service fee." Doc. 167,

22  at 21–22. So were other class members. *E.g.,* Doc. 175-2. Proposed representative

23  Wise was charged for, and disputed, damage items at the conclusion of her tenancy,

24  and was required to pay for some of these damage items, even though she had

25  documented the condition of her property upon move-in. Exs. 13, 14; Ex. 9, Wise Dep.

26  at 83:4–85:13; Doc. 178-3, Wise Decl. ¶¶ 8–9. Other class members were also

Hellmuth & Johnson, PLLC
8050 West 78th Street
Edina, MN 55439
(952) 941-4005

Milberg Coleman Bryson
Phillips Grossman, PLLC
1420 Fifth Ave, Suite 2200
Seattle, WA 98101

Lockridge Grindal Nauen PLLP
100 South Washington Ave
Suite 2200
Minneapolis, MN 55401

subjected to these charges. Doc. 111, Declaration of Lindsey L. Larson ¶¶ 31–33, Doc. 111-28; Doc. 175-2.

## ARGUMENT

Under Federal Rule of Civil Procedure 23, a class may be certified when it meets all four requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation—and at least one requirement under Rule 23(b). *Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 512 (9th Cir. 2013). Though analysis of these factors must be "rigorous and may entail some overlap with the merits of the plaintiff's underlying claim…Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage. Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013) (cleaned up). For the reasons set forth below, the Court should find these requirements satisfied.

## I.   Plaintiffs Meet the Requirements of Rule 23(a).

### A.   Numerosity exists and the class is ascertainable.

The Class is so numerous that joinder is impracticable. Fed. R. Civ. P. 23(a)(1). Courts generally agree that a class of at least 40 members is sufficiently numerous. *Agne v. Papa John's Int'l, Inc.*, 286 F.R.D. 559, 566-67 (W.D. Wash. 2012) (internal citation omitted). Here, Defendants have entered into over 3,385 form leases with Washington residents since 2016. *See* Ex. 26; Doc. 131, Cefalu Decl ¶ 9 (number of current or former tenants between September 2019 and September 2023 is approximately 3,300). Defendants also continue to operate in Washington and continue to use substantially the same form leases and policies and procedures, making the Injunctive Class sufficiently numerous as well. Class membership,

PLAINTIFFS' AMENDED MOTION FOR
CLASS CERTIFICATION  (3:22-CV-05704-DGE-RJB) - 12

Hellmuth & Johnson, PLLC
8050 West 78th Street
Edina, MN 55439
(952) 941-4005

Milberg Coleman Bryson
Phillips Grossman, PLLC
1420 Fifth Ave, Suite 2200
Seattle, WA 98101

Lockridge Grindal Nauen PLLP
100 South Washington Ave
Suite 2200
Minneapolis, MN 55401

1  including any subclass membership, can be ascertained using Defendants' leases and

2  electronic and other business records which track the names of all tenants, charges,

3  and payments, the properties, repair requests, and current and former tenant contact

4  information. *See Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1131 (9th Cir. 2017).

5  ## B.   Common questions of law or fact exist.

6      Shared legal issues satisfy the commonality requirement even if the factual

7  predicates of every claim are not identical. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011,

8  1019 (9th Cir. 1998). In "determining whether the 'common question' prerequisite is

9  met, a district court is limited to resolving whether the evidence establishes that a

10  common question is capable of class-wide resolution, not whether the evidence in fact

11  establishes that plaintiffs would win at trial." *Olean Wholesale Grocery Coop., Inc. v.*

12  *Bumble Bee Foods LLC*, 31 F.4th 651, 666–67 (9th Cir. 2022) (citations omitted).

13  "Dissimilarities among class members do not impede the generation of common

14  answers to those questions[.]" *Parsons v. Ryan*, 754 F.3d 657, 684 (9th Cir. 2014)

15  (citation omitted).

16      In its class certification order, the Court stated concerns with the Rule 23(a)(2)

17  commonality requirement. Plaintiffs believe their narrowed proposed subclass

18  definitions address the Court's concerns, and that the answers to the questions below

19  are apt to drive resolution of the class claims because Defendants' conduct, as opposed

20  to the situation of any individual class member, can be evaluated through common

21  legal questions:

22      - Whether Defendants' form leases should be modified to
23        comply with and incorporate RLTA requirements, including
         but not limited to RCW 59.18.030(29), .060, .080,
24        .230(2)(a),(c),(f), and 59.18.360;

25      - Whether Defendants' leases and policies assigning
26        maintenance and repair tasks on an "as-is" or "resident

Hellmuth & Johnson, PLLC          Milberg Coleman Bryson          Lockridge Grindal Nauen PLLP
8050 West 78th Street             Phillips Grossman, PLLC         100 South Washington Ave
Edina, MN 55439                  1420 Fifth Ave, Suite 2200      Suite 2200
(952) 941-4005                   Seattle, WA 98101               Minneapolis, MN 55401

responsibility" basis violate the RLTA, including but not limited to RCW 59.18.060, .360;

- Whether Defendants must seek an exemption under RCW 59.18.360 for requiring class members to perform routine maintenance, such as HVAC filter replacement, lawn or yard care, snow or ice removal, appliance repair or replacement, or similar;

- Whether Defendants have commenced and promptly completed repairs in the time limits provided by RCW 59.18.270;

- Whether Defendants have unlawfully charged illegal late fees;

- Whether Defendants have unlawfully charged attorney fees;

- Whether Defendants have unlawfully collected security deposits under RCW 59.18.260;

- Whether Defendants unlawfully retained all or part of tenant security deposits under RCW 59.180.280;

- Whether Defendants acted in bad faith in charging attorneys fees to tenants; and

- Whether the Injunctive and Declaratory Relief Class is entitled to injunctive or declaratory relief.

The common legal questions above do not require any individual class member to present unique kinds of evidence to support their claims. Rather, each individual class member can prove their claims with reference to (1) the lease they signed, (2) the Defendants' documented responses to their maintenance and repair request(s), which is found in Defendants' electronic and other records, (3) Defendants' policies and procedures, (4) the fees they were charged, if any, (5) the security deposits paid, or (6) any move-in form or security deposit disposition letter. *See Olean*, 31 F.4th at

PLAINTIFFS' AMENDED MOTION FOR
CLASS CERTIFICATION  (3:22-CV-05704-DGE-RJB) - 14

Hellmuth & Johnson, PLLC       Milberg Coleman Bryson       Lockridge Grindal Nauen PLLP
8050 West 78th Street           Phillips Grossman, PLLC      100 South Washington Ave
Edina, MN 55439                 1420 Fifth Ave, Suite 2200   Suite 2200
(952) 941-4005                  Seattle, WA 98101            Minneapolis, MN 55401

667 (noting that if individual class members could rely on the same kinds of evidence as plaintiffs to prove legal claims, commonality was found).

### C. Plaintiffs' claims are typical.

Named Plaintiffs' claims are typical of the Class because their injuries are the same or materially similar to the injuries of Class members and arose out of the same or materially similar course of conduct of Defendants. *Ngethpharat v. State Farm Mut. Ins. Co.*, 339 F.R.D. 154, 165–66 (W.D. Wash. 2021). "Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (W.D. Wash. 2017) (quoting *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)); *see also Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642, 648 (W.D. Wash. 2007) (quoting *Smith v. Univ. of Wash. Law Sch.*, 2 F. Supp. 2d 1324, 1342 (W.D. Wash. 1998)). The "test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured in the same course of conduct." *Hanon*, 976 F.2d at 508 (quotation omitted). Under the rule's permissive standards, "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1019. "Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." *Ellis*, 657 F.3d at 984 (quoting *Hanon*, 976 F.2d at 508). The main purpose of establishing typicality "is to assure that the interest of the named representative aligns with the interests of the class." *Ngethpharat*, 339 F.R.D. at 166; *Hanon*, 976 F.2d at 508.

Here, the claims of named plaintiffs and additional proposed representatives are typical of the claims of the Class as a whole because they are based on identical

PLAINTIFFS' AMENDED MOTION FOR
CLASS CERTIFICATION  (3:22-CV-05704-DGE-RJB) - 15

Hellmuth & Johnson, PLLC
8050 West 78th Street
Edina, MN 55439
(952) 941-4005

Milberg Coleman Bryson
Phillips Grossman, PLLC
1420 Fifth Ave, Suite 2200
Seattle, WA 98101

Lockridge Grindal Nauen PLLP
100 South Washington Ave
Suite 2200
Minneapolis, MN 55401

legal theories, specifically discrete violations of the RLTA, and Washington common law. All of the proposed class representatives identified issues upon move-in, including negligently cared for properties. Gallo Decl. ¶¶ 8–13; Doc. 112, Richmond Decl ¶¶ 12–15; Doc. 113, McDermotts Decl. ¶¶ 9–10; Doc. 178-3, Wise Decl. ¶¶ 3–6; Doc. 178-1, Nasilasila Decl. ¶¶ 4, 7–10; Ex. 8, Nasilasila Dep. at 25:5–29:23; Ex. 9, Wise Dep. at 37:6–40:19. All have testified regarding repair or maintenance requests that were denied as "as-is" or "resident responsibility." Gallo Decl. ¶13; Doc. 178-1, Nasilasila Decl. ¶ 4; Ex. 8, Nasilasila Dep. at 25:13–26:11. Similarly, all have identified issues with the lack of timely commencement or prompt completion of needed repairs. Gallo Decl. ¶¶ 11–15; Doc. 178-3, Wise Decl. ¶¶ 5–6; Doc. 178-1, Nasilasila Decl. ¶¶ 7–10. Richmond can show he, and other class members, were charged attorneys' fees and late fees. Wise and Richmond can show that they were charged for unexplained service fees or damage items. Finally, Plaintiffs seek remedies that apply to the entire class—including monetary, equitable, and declaratory relief.

Though the Court identified that Plaintiffs' prior proposed class may have typicality issues with respect to RLTA violations related to maintenance or repair requests, Defendants do not dispute that they shift maintenance and repair to tenants, including the routine maintenance identified in their leases and policies and procedures. Plaintiffs also assert that their fee and security deposit claims are typical. Accordingly, the claims of the named plaintiffs and proposed class representatives are typical of class members because they arose out of the same or materially similar course of conduct of Defendants.

Hellmuth & Johnson, PLLC
8050 West 78th Street
Edina, MN 55439
(952) 941-4005

Milberg Coleman Bryson
Phillips Grossman, PLLC
1420 Fifth Ave, Suite 2200
Seattle, WA 98101

Lockridge Grindal Nauen PLLP
100 South Washington Ave
Suite 2200
Minneapolis, MN 55401

**D.  Plaintiffs have and will continue to protect the Class's interests.**

Plaintiffs can satisfy the two requirements of adequacy of representation: (1) the proposed representatives "must appear able to prosecute the action vigorously through qualified counsel" and (2) "must not have antagonistic or conflicting interests with the unnamed members of the class." *Ngethpharat* 339 F.R.D. at 166.

Plaintiffs have retained experienced counsel to prosecute the interests of the Class. Hellmuth & Johnson, Lockridge Grindal Nauen PLLP, and Milberg LLP are qualified to serve as counsel for the Class. All firms have substantial experience in handling class actions and other complex litigation. These firms have committed the financial resources needed to represent the Class. *See* Exs. 18–20 (firm resumes of proposed Class Counsel). Thus, Plaintiffs' Counsel satisfies Rule 23(a)(4) and, thus, should be appointed as Class Counsel.

Moreover, Plaintiffs and their counsel have shown they will pursue the claims of the Class, and no intra-class conflict exists. *See* Doc. 112, Richmond Decl. ¶ 29; Doc. 113, McDermott Decl. ¶ 23. Proposed class representatives Gallo, Nasilasila, and Wise ensure that the class will continue to be adequately represented. As evidenced by Plaintiffs' filing and conscientious prosecution of this action, Named Plaintiffs have actively represented, and will continue to represent, the Class's interests. Consequently, they should be appointed as class representatives.

**II.  Defendants Have Acted on Grounds Generally Applicable to the Class, Warranting Certification of Plaintiffs' Declaratory Judgment and Injunctive Relief Claims Under Fed. R. Civ. P. 23(b)(2) (Counts III, IV).**

Plaintiffs seek certification under Rule 23(b)(2) because Defendants have "acted . . . on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "The key to the (b)(2) class is 'the indivisible nature of the

Hellmuth & Johnson, PLLC
8050 West 78th Street
Edina, MN 55439
(952) 941-4005

Milberg Coleman Bryson
Phillips Grossman, PLLC
1420 Fifth Ave, Suite 2200
Seattle, WA 98101

Lockridge Grindal Nauen PLLP
100 South Washington Ave
Suite 2200
Minneapolis, MN 55401

1   injunctive or declaratory remedy warranted—the notion that the conduct is such that

2   it can be enjoined or declared unlawful only as to all of the class members or as to

3   none of them." *Wal-Mart Store, Inc. v. Dukes*, 564 U.S. 338, at 360 (2011) (citation

4   omitted). The requirements for an injunctive class "are unquestionably satisfied when

5   members of a putative class seek uniform injunctive or declaratory relief from policies

6   or practices that are generally applicable to the class as a whole." *Parsons,* 754 F.3d

7   at 688. When "the terms of the [contract] are the same for each prospective class

8   member" so that the terms "are the same for each prospective class member, the

9   interpretation will result in a declaratory judgment applicable to all class members."

10  *McClure v. State Farm Life Ins. Co.*, 341 F.R.D. 242, 255 (D. Ariz. 2022); *see also*

11  *Whitman v. State Farm Life Ins. Co.*, No. 19-cv-6025, 2021 WL 4264271, at *10 (W.D.

12  Wash. Sept. 20, 2021) (finding that because "the terms of the Policy are the same for

13  all prospective class members, [this] means that an injunction or declaration relating

14  to the contract terms will be uniform. Thus, Plaintiffs' claim for declaratory judgment

15  and injunctive relief satisfies Rule 23(b)(2)").

16      Plaintiffs are seeking a determination that Defendants have acted on grounds

17  that generally apply to all Class members, and specifically whether Defendants'

18  leases, policies, and practices violate the RLTA: all tenants are subject to

19  substantially the same lease terms, which Defendants admit conflict with the RLTA,

20  as well as policies and procedures requiring denial of class member maintenance

21  requests on an "AS-IS" and "Resident Responsibility" basis. The Court identified

22  "equitable considerations" concerning modification of Defendants' leases, including

23  the "format requirements"—which Plaintiffs interpret as the requirements of RCW

24  59.18.360, and .230(2). Doc. 167, at 16, 26. Plaintiffs contend that the provisions or

25  portions of the leases that facially conflict with the RLTA, including but not limited

26  to sections 4 (governing attorneys fees), 10, and 16, should be modified so that going

1  forward, no tenant is confused about whether Defendants agree to repair or maintain

2  the conditions at the property, or have to pay for fees, etc. For example, Nasilasila

3  paid to fix her non-operable dryer because Defendants had told her the dryer came

4  "AS-IS." Doc. 178-1, Nasilasila Decl. ¶ 4. If her lease and defendants' policies had

5  complied with the RLTA, Defendants' policies would have been adjusted accordingly

6  to reflect Washington requirements.

7      Injunctive and declaratory relief are therefore appropriate on a classwide

8  basis.

9  **III.    The Damages Subclasses Meet the Requirements of Rule 23(b)(3).**

10     Turning to the predominance requirement under Rule 23(b)(3), the Court

11  noted that Plaintiffs' fee-based claims could likely be certified, but that it had

12  concerns with the maintenance and repair subclass. Plaintiffs' will show that common

13  issues predominate Plaintiffs' Maintenance and Repair subclass based on

14  Defendants' uniform policies and procedures set out in corporate documents, Repair

15  and Maintenance Database (Ex. 21), and all class members' leases.

16  **A.    Common issues predominate within the Maintenance and**
17  **         Repair Subclass.**

18     Plaintiffs have limited their proposed class to persons who, since September

19  21, 2016: (1) were required by Defendants' leases and policies to perform or pay for

20  routine repairs or maintenance or for wear resulting from ordinary use of the

21  premises, specifically HVAC filter replacement, lawn/yard or irrigation system

22  maintenance, or snow or ice removal, or washer/dryer repair or replacement, (2) made

23  a maintenance or repair request that was denied as "resident responsibility" or "as-

24  is", or (3) made a maintenance or repair request to Defendants in which remediation

25  was not commenced or promptly completed within the time limits specified by RCW

26  59.18.070. This limited class is titled the "Maintenance and Repair Subclass".

PLAINTIFFS' AMENDED MOTION FOR
CLASS CERTIFICATION  (3:22-CV-05704-DGE-RJB) - 19

Hellmuth & Johnson, PLLC          Milberg Coleman Bryson          Lockridge Grindal Nauen PLLP
8050 West 78th Street             Phillips Grossman, PLLC         100 South Washington Ave
Edina, MN 55439                   1420 Fifth Ave, Suite 2200      Suite 2200
(952) 941-4005                    Seattle, WA 98101               Minneapolis, MN 55401

It is undisputed that Defendants' leases, policies and procedures, categorically require tenants to perform certain routine repairs, without regard to whether the tenants have caused any damage or whether the repair is one that falls within the scope of "landlord duties" under 58.18.060(1)-(11). It is also undisputed that Defendants' policies and procedures require Defendants or their vendors to deny requests as "AS-IS" or "Resident Responsibility," even where the category of repair lies within section 60's "landlord duties." Defendants do not contend that they deviate from these policies because "applicable law" requires the variance. Even if Defendants occasionally deviate from these policies as a matter of "goodwill," all tenants must help maintain the HVAC systems (by paying for and replacing filters) and perform routine lawncare and yard maintenance duties. Doc. 111-2, Richmond Lease; Doc. 111-3, McDermott Lease; Exs. 1–3 (Gallo, Nasilasila, and Wise Leases); Gallo Decl. ¶ 16; Doc. 178-3, Wise Decl. ¶¶ 8–9; Doc. 178-1, Nasilasila Decl. ¶¶ 4, 7–10.

Similarly, Defendants' electronic repair and maintenance records track, down to the minute, when a tenant has made a maintenance request. It is possible to determine from these records whether requests were timely commenced or promptly completed. Ex. 21.

Cases involving the challenge to, and application of, internal policies or procedures are suitable for certification. While the Court cannot rely on policies to the exclusion of other "factors touching on predominance," Defendants' policies and their testimony about those policies are evidence of both Defendants' intent and their common practices with respect to the class. *See Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 965 (9th Cir. 2013); *Sampson v. Knight Transportation, Inc.*, No. 17-0028, 2020 WL 3050217, at *5 (W.D. Wash. June 8, 2020) (common questions

Hellmuth & Johnson, PLLC
8050 West 78th Street
Edina, MN 55439
(952) 941-4005

Milberg Coleman Bryson
Phillips Grossman, PLLC
1420 Fifth Ave, Suite 2200
Seattle, WA 98101

Lockridge Grindal Nauen PLLP
100 South Washington Ave
Suite 2200
Minneapolis, MN 55401

1  predominated where "company-wide policies and practices" regarding payment for

2  time worked applied).

3  Ultimately, the Court will decide whether Defendants' conduct has violated the

4  RLTA as to the Class as a whole. The common evidence of this conduct includes

5  Defendants' leases, policies and procedures, communications with tenants, internal

6  communications, and security deposit disposition letters. *See Jammeh v. HNN*

7  *Assocs., LLC*, No. 19-0620, 2020 WL 5407864, at *21 (W.D. Wash. Sept. 9, 2020)

8  (finding that form documents and testimony of landlord constituted common evidence

9  towards establishing illegal practices and satisfied Rule 23(b)(3)'s predominance

10 requirement); *see also Daley v. Greystar Real Estate Partners LLC*, No. 18-cv-00381-

11 SMJ, 2020 WL 6865780, at *10–11 (E.D. Wash. July 2, 2020) (finding that plaintiffs

12 sufficiently demonstrated predominance regarding claims that defendants failed to

13 provide certain notices required under the RLTA).

14  **B.   Common issues predominate within the Fee Subclass.**

15 The Court has determined that certification of this subclass is likely

16 appropriate. The proof underlying Richmond's claims is shared by the other class

17 members charged these fees.

18 ***Late fees:*** Under the RLTA, a landlord may only charge late fees on "rent" that

19 is more than five days past due. RCW 59.18.170(2). In the application of rent,

20 Defendants as landlords must "first apply any payment made by a tenant toward rent

21 *before* applying any payment toward late payments, damages, legal costs, or other

22 fees, including attorneys' fees." RCW 59.18.283 (emphasis added). Defendants' leases

23 state how they will assess late fees and Plaintiffs' claims will rise or fall on that lease

24 language. Moreover, Defendants have produced over 5,000 ledgers from tenants

25 covering the time period from approximately September 2019 to the present, showing

26

PLAINTIFFS' AMENDED MOTION FOR
CLASS CERTIFICATION  (3:22-CV-05704-DGE-RJB) - 21

Hellmuth & Johnson, PLLC       Milberg Coleman Bryson       Lockridge Grindal Nauen PLLP
8050 West 78th Street           Phillips Grossman, PLLC      100 South Washington Ave
Edina, MN 55439                 1420 Fifth Ave, Suite 2200   Suite 2200
(952) 941-4005                  Seattle, WA 98101            Minneapolis, MN 55401

1   that Defendants have failed to apply partial payments to base-rent amounts and

2   charge on cumulative amounts of other fees owed.

3       ***Attorneys' fees:*** The RLTA proscribes leases that require a tenant to pay the

4   landlord's attorney fees, except in the limited circumstance where a court has

5   awarded attorneys' fees to a prevailing party. RCW 59.18.230 (2)(c); 4.84.330. As

6   noted, without any court order, Defendants award themselves attorneys' fees

7   pursuant to section 4 of their lease. Doc. 111-2, ¶ 4; Ex. 16, 2/12/24 30.02(f)/30(b)(6)

8   Dep. at 17:25–19:20, 21:21–22:24, 38:12–39:19, 43:17–25, 46:17–47:17. Defendants

9   have routinely assessed these fees during the Class Period, both during and after the

10  tenancy, including for Plaintiff Richmond. Doc. 112, Richmond Decl. ¶¶ 16, 24, 25,

11  27. The ledgers and other of Defendants' business records demonstrate this common

12  practice.

13      The Court should certify both Plaintiffs' RLTA claim, and good faith and fair

14  dealing claim insofar as attorneys' fees are concerned, because both are supported by

15  the same common evidence, specifically tenant ledgers, and Defendants' corporate

16  representative's testimony regarding the charging of attorneys' fees.

17  **C.   Common evidence predominates on the "Move-in" and "Move-**
18       **out subclasses.**

19      Plaintiffs claim that Defendants improperly collected and retained security

20  deposits under the RLTA. The Court should create a section 260 subclass with

21  Richmond, Gallo, Nasilarila, and Wise as class representatives, and a section 280

22  subclass with Richmond and Wise as class representatives.

23      Common issues predominate because Defendants use a "Move In Condition"

24  form that fails to comply with section 260. Doc. 113-1, McDermott Decl. Ex. 1; Doc.

25

26

Hellmuth & Johnson, PLLC        Milberg Coleman Bryson        Lockridge Grindal Nauen PLLP
8050 West 78th Street           Phillips Grossman, PLLC        100 South Washington Ave
Edina, MN 55439                 1420 Fifth Ave, Suite 2200     Suite 2200
(952) 941-4005                  Seattle, WA 98101              Minneapolis, MN 55401

112-1, Richmond Decl. Ex. 1; Ex. 15, Nasilasila Move-In Form.[5] The fact finder can look at the form and determine that it does not comply with the statute by failing to provide any description of the property and does not contain signatures of the landlord and tenant. Similarly, Defendants have failed to comply with section 280, requiring that the landlord "give a full and specific statement of the basis for retaining any of the deposit" that must be supported by invoices or receipts. Plaintiffs' counsel reviewed over 900 security deposit disposition letters using the objective criteria listed in the statute and identified hundreds of former tenants whose letters do not comply with section 280's "full and specific statement" requirement. Doc. 111, Larson Decl. at ¶ 32; Doc. 111-28; *See also* Ex. 13, Wise Security Deposit Disposition Letter. The Court can likewise review the security deposit disposition letters—a sample of which have been provided with this motion and in Plaintiffs' prior filings— and determine whether Defendants have complied with section 280. Defendants' liability is determinable with reference to the statute's objective criteria. *Jammeh*, 2020 WL 5407864, at *18–19 (certifying "move-in form" and "last statement" subclasses); *see also* Docs. 110–11. Indeed, Defendants could provide only nine examples since 2019 when Pathlight or its agents consulted a tenant's "move in condition form" and adjusted "chargeback" items in a security deposit disposition because the item(s) had appeared on the form. *Compare* Doc. 129, Abood Decl. ¶ 5 & 129-1, Ex. C *with* Doc. 150-8, Abood Dep. 67:15–68:3; Abood Dep. 60:2–20 (Pathlight does not consult statutes when determining whether damage items can be charged back to a tenant but rather looks at "resident responsibilities" policies); 84:3–7 (Pathlight does not send copies of vendor invoices to tenants for damage items). The "fact that not all class members have Security Deposit Act claims does not preclude

---

[5] Plaintiffs requested in discovery all move in condition forms. To date, Defendants have not produced those documents.

PLAINTIFFS' AMENDED MOTION FOR
CLASS CERTIFICATION  (3:22-CV-05704-DGE-RJB) - 23

Hellmuth & Johnson, PLLC
8050 West 78th Street
Edina, MN 55439
(952) 941-4005

Milberg Coleman Bryson
Phillips Grossman, PLLC
1420 Fifth Ave, Suite 2200
Seattle, WA 98101

Lockridge Grindal Nauen PLLP
100 South Washington Ave
Suite 2200
Minneapolis, MN 55401

1  certification." *Worledge v. Riverstone Residential Grp., LLC*, 350 P.3d 39, 47 (Mont.

2  2015) (construing Montana Landlord Tenant and Security Deposit Acts).

### D. Monetary relief can be calculated classwide following liability determinations.

5  Rule 23(b) requires Plaintiffs to demonstrate that damages are capable of

6  measurement on a classwide basis. Fed. R. Civ. P. 23(b)(3). "[T]he presence of

7  individualized damages cannot, by itself, defeat class certification under Rule

8  23(b)(3)." *Leyva*, 716 F.3d at 514; *see also Jammeh*, 2020 WL 5407864, at *20 (noting

9  that the calculation of damages "is not an individual issue that undercuts

10  predominance"); *Yates v. NewRez LLC*, No. CV TDC-21-3044, 2023 WL 5108803, at

11  *9 (D. Md. Aug. 9, 2023) ("Where such determinations, even if requiring review of

12  individual files, would be systematic and focus on the presence or absence of specific

13  codes, and would not require resolution of additional legal questions, the Court finds

14  that, common questions predominate such that the requirement of Rule 23(b)(3) has

15  been satisfied").

16  Plaintiffs are entitled to statutory or out-of-pocket damages under the RLTA

17  and state contract law. RCW 59.18.230(3), .260(5), .280(2); *see also Bateman v. Am.*

18  *Multi-Cinema, Inc.*, 623 F.3d 708, 719 (9th Cir. 2010) (noting deterrent effect of

19  statutory damages and that denial of certification based on concerns of

20  proportionality of actual harm and statutory liability was improper). Statutory

21  damages are defined by the RLTA, and depending on the underlying RLTA section

22  violated, equal either the amount of security deposit paid, as well as attorneys' fees

23  and costs of suit, or up to "two times the monthly rent charged, … costs of suit, and

24  reasonable attorneys' fees." RCW 59.18.230(3), .260(5), .280(2). The amounts paid by

25  class members for either rent or security deposits are specified in the leases, ledgers,

26  and security deposit disposition letters produced by Defendants. Though Defendants

1    must supplement these productions, and the parties' earlier dispute regarding the

2    applicable statute of limitations must be resolved (Doc. 97), calculation of these

3    amounts is mechanical. But, because the attorney or late fee subclass members may

4    be entitled to "up to two times" their monthly rent, Plaintiffs propose that post-

5    certification, the Court bifurcate the further proceedings between a liability and

6    statutory damages phase, to be followed by an actual damages phase. *See Rodriguez*

7    *v. ACL Farms, Inc.*, No. CV-10-3010, 2010 WL 4683771, at *2 (E.D. Wash. Nov. 12,

8    2010) (bifurcating proceedings "into an initial liability and statutory damages phase

9    and a secondary actual damages phase"). In other words, once all relevant records

10   are produced, the parties may complete discovery and proceed to further dispositive

11   motion practice, and if necessary, trial, where the jury would determine the

12   multiplier on the amount of rent to be refunded, followed by proceedings on actual

13   damages for the Maintenance and Repair, Fee, and Move-Out Subclasses.

14          With respect to actual damages, the amount of actual damages for improper

15   late, attorneys, or service fees, charged by Defendants, and paid for by tenants, is

16   determinable with review of the tenant ledgers and Defendants' financial records,

17   which a person with general familiarity and experience with reviewing financial

18   documents could review and analyze. Sept. 17, 2024 Suppl. Kneuper Decl. at 3–4.

19   With respect to actual damages for the Maintenance and Repair Subclass, Plaintiffs

20   believe the model proposed by their damages' expert is still appropriate, because if

21   the fact finder determines that a specific category of maintenance—HVAC filters or

22   landscaping, for example—are Defendants' responsibility, but that they improperly

23   assigned these tasks to class members, Plaintiffs' expert's model can consider those

24   categories of repair and maintenance and calculate a "reasonable estimate of the costs

25   that the tenant would expect to pay to cover these repair and maintenance 'gaps.'"

26   Doc. 111-21, Kneuper Decl. at 13; *e.g., id.* at 17 (59 percent of repair and maintenance

Hellmuth & Johnson, PLLC          Milberg Coleman Bryson          Lockridge Grindal Nauen PLLP
8050 West 78th Street             Phillips Grossman, PLLC          100 South Washington Ave
Edina, MN 55439                   1420 Fifth Ave, Suite 2200       Suite 2200
(952) 941-4005                    Seattle, WA 98101                Minneapolis, MN 55401

1  requests related to washers/dryers are unpaid; 50 percent designated as "resident
2  responsibility" or "as is"); *id.* at 19 (requests related to landscaping); *id.* at 24 (noting
3  "substantial available public information" that could be used estimate costs for
4  landscaping and appliance repairs). Because no class member was ever provided the
5  opportunity to negotiate any lease term, Plaintiffs' damages model appropriately will
6  award all class members damages, because even those class members who have not
7  yet made maintenance or repair requests, or those who have had requests paid for,
8  would still be required by the leases and Defendants' policies and procedures to, for
9  example, mow the lawn. RCW 58.18.060(5); Doc. 150-8, Abood Dep. 57:8–19 (agreeing
10 that chargeback items such as replacing and repairing window screens, pressure
11 washing, etc., are resident responsibility); *see also* Doc. 111-19; Doc. 129-1, Abood
12 Decl. Ex. D.

13     Any individualized questions about which repairs and maintenance were
14 actually performed on which properties does not alter the damages calculation or the
15 fact of injury by all Class members. *See, e.g., Nguyen v. Nissan N. Am., Inc.*, 932 F.3d
16 811, 822 (9th Cir. 2019) ("Plaintiff's theory of liability—that Nissan's manufacture
17 and concealment of a defective clutch system injured class members at the time of
18 sale—is consistent with his proposed recovery based on the benefit of the bargain.");
19 *Victorino v. FCA US LLC*, No. 16CV1617, 2021 WL 662264, at *6 (S.D. Cal. Feb. 19,
20 2021) ("Further, all class members have sufficiently alleged injury because they were
21 denied the benefit-of-the-bargain at the time of purchase."). For these reasons, class
22 certification of damages subclasses is appropriate.

23     **E.    A class action is a superior means to other available methods
24           for the fair and efficient adjudication of this controversy.**

25     Plaintiffs also satisfy Rule 23(b)(3)'s superiority requirement and can
26 demonstrate "that a class action is superior to other available methods for fairly and

Hellmuth & Johnson, PLLC       Milberg Coleman Bryson        Lockridge Grindal Nauen PLLP
8050 West 78th Street          Phillips Grossman, PLLC        100 South Washington Ave
Edina, MN 55439                1420 Fifth Ave, Suite 2200     Suite 2200
(952) 941-4005                 Seattle, WA 98101              Minneapolis, MN 55401

1    efficiently adjudicating the controversy." *Kelley v. Microsoft Corp.*, 251 F.R.D. 544,

2    559 (W.D. Wash. 2008). A superiority analysis requires the court to consider: (a) "the

3    interest of the members of the class in individually controlling the prosecution or

4    defense of separate actions"; (b) "the extent and nature of any litigation concerning

5    the controversy already commenced by or against members of the class"; (c) "the

6    desirability or undesirability of concentrating the litigation of the claims in the

7    particular forum"; and (d) "the difficulties likely to be encountered in the

8    management of a class action." *Kavu*, 246 F.R.D. at 650 (quoting Fed. R. Civ. P.

9    23(b)(3)). Applying these factors, a class action is the superior form of adjudication.

10         In regard to the interests of the class members, courts in the Ninth Circuit

11   have regularly ruled that cases involving "multiple claims for relatively small sums"

12   can satisfy this aspect of the superiority analysis because "[i]f plaintiffs cannot

13   proceed as a class, some—perhaps most—will be unable to proceed as individuals

14   because of the disparity between their litigation costs and what they hope to recover."

15   *Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*,

16   244 F.3d 1152, 1163 (9th Cir. 2001) (considering estimates that "under the most

17   optimistic scenario, each class member would recover about $1,330"); *see also Wolin

18   v. Jaguar N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) ("Where recovery on an

19   individual basis would be dwarfed by the cost of litigating on an individual basis, this

20   factor weighs in favor of class certification."). Similarly, Plaintiffs would likely be

21   foreclosed from pursuing their individual claims against Defendants given the cost of

22   litigation and the relatively small out-of-pocket damages they seek.

23         Second, Plaintiffs are aware of no other individual or collective case in any

24   Washington court seeking the same relief and challenging the same scope of conduct

25   on behalf of the same (or any subset of) Class members. The questions presented by

26   this case, many of which turn on pure issues of law regarding Defendants' compliance

Hellmuth & Johnson, PLLC      Milberg Coleman Bryson      Lockridge Grindal Nauen PLLP
8050 West 78th Street          Phillips Grossman, PLLC     100 South Washington Ave
Edina, MN 55439                1420 Fifth Ave, Suite 2200  Suite 2200
(952) 941-4005                 Seattle, WA 98101           Minneapolis, MN 55401

1  with state law, can be determined efficiently through summary and declaratory
2  judgment and trial proceedings.

3       Third, it is desirable to focus the litigation of Plaintiffs' claims in the Western
4  District of Washington because it applies Washington law to Washington residents
5  who were subject to the same form leases by Defendants and who encountered this
6  same common practices of using their form leases to modify their landlord duties, and
7  charge improper fees and damage items. *Kavu*, 246 F.R.D. at 650 ("This Court is an
8  appropriate forum for this action because plaintiff seeks to represent a Washington
9  subclass.").

10      Finally, because common issues predominate, "class treatment is manageable
11 and . . . individual treatment is unrealistic." Kelle,y 251 F.R.D. at 560. Plaintiffs'
12 claims arise out of the RLTA, Defendants' standard lease, and uniform policies and
13 procedures.  Therefore, determination of liability will be "relatively straightforward"
14 and "administratively manageable" given the data and evidence available. *Jama*, 339
15 F.R.D. at 273. This case involves approximately 3,500 class members, potentially
16 more, who allege their injuries arise out of Defendants' standard practices. Instead
17 of litigating thousands of claims in overlapping lawsuits with duplicative discovery
18 and costs, it is far superior to pursue these claims as a class. *See, e.g.*, *Wolin* 617 F.3d
19 at 1176 (finding that claims involving common defect, warranty, and unjust
20 enrichment involved "issues common to all class members and can be litigated
21 together").

22                          **CONCLUSION**

23      Plaintiffs respectfully request this Court GRANT their motion for class
24 certification.

25

26

PLAINTIFFS' AMENDED MOTION FOR
CLASS CERTIFICATION  (3:22-CV-05704-DGE-RJB) - 28

Hellmuth & Johnson, PLLC       Milberg Coleman Bryson        Lockridge Grindal Nauen PLLP
8050 West 78th Street          Phillips Grossman, PLLC        100 South Washington Ave
Edina, MN 55439                1420 Fifth Ave, Suite 2200     Suite 2200
(952) 941-4005                 Seattle, WA 98101              Minneapolis, MN 55401

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Respectfully submitted,

**HELLMUTH & JOHNSON, PLLC**

Dated: September 17, 2024        /s/ *Anne T. Regan*

Anne T. Regan, *pro hac vice*
Lindsey L. Larson, *pro hac vice*
8050 West 78th Street
Edina, MN 55439
Phone: 952-941-4005
aregan@hjlawfirm.com
llabellelarson@hjlaw.com

Andrew Lemmon
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
alemmon@milberg.com

Scott C. Harris, *pro hac vice*
Michael Dunn, *pro hac vice*
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
900 W. Morgan St.
Raleigh, NC 27603
Phone: 919-600-5000
sharris@milberg.com
michael.dunn@milberg.com

Joseph C. Bourne, *pro hac vice*
Eura Chang. *pro hac vice*
**LOCKRIDGE GRINDAL NAUEN,
P.L.L.P.**
100 South Washington Ave, Suite 2200
Minneapolis, MN 55401
jcbourne@locklaw.com
echang@locklaw.com

## CERTIFICATE OF COMPLIANCE

I certify that this motion contains 8,356 words, in compliance with the Local Civil rules.

/s/ *Anne T. Regan*
Anne T. Regan

PLAINTIFFS' AMENDED MOTION FOR
CLASS CERTIFICATION  (3:22-CV-05704-DGE-RJB) - 29

| Hellmuth & Johnson, PLLC | Milberg Coleman Bryson | Lockridge Grindal Nauen PLLP |
|---|---|---|
| 8050 West 78th Street | Phillips Grossman, PLLC | 100 South Washington Ave |
| Edina, MN 55439 | 1420 Fifth Ave, Suite 2200 | Suite 2200 |
| (952) 941-4005 | Seattle, WA 98101 | Minneapolis, MN 55401 |