UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRANK RICHMOND, MICHAEL MCDERMOTT and KELLEY MCDERMOTT, CHANCE GALLO, SHEILA NASILASILA, and ERIN WISE, each individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>HOME PARTNERS HOLDINGS LLC, HP WASHINGTON I LLC, HPA BORROWER 2017-1 LLC, SFR BORROWER 2022-2 LLC, SFR BORROWER 2021-2 LLC, and OPVHHJV, d/b/a PATHLIGHT PROPERTY MANAGEMENT,<br><br>Defendants. | CASE NO. 22-5704-DGE-RJB<br><br>ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT |

    This matter comes before the Court on the Plaintiffs' Motion for Leave to File Fifth

Amended Complaint. Dkt. 188. The Court has considered the motion and remaining file.

ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT - 1

The tenant-Plaintiffs in this case allege that the Defendants, a national real estate investment and property management conglomerate, use illegal leases and engage in practices that violate the Plaintiffs' rights under Washington's Residential Landlord Tenant Act, RCW 59.18, *et. seq.* ("RLTA"). Dkt. 95. The Plaintiffs also contend that the Defendants breached their duty of good faith and fair dealing. *Id.* They seek damages, declaratory relief, and prospective injunctive relief. *Id.*

The Plaintiffs now move for leave to file a Fifth Amended Complaint. Dkt. 188. They seek to: (1) add proposed class representatives, (2) add defendants (the owner entity listed on the proposed class representatives' leases), (3) remove claims the Court dismissed on summary judgment, and (4) clarify Plaintiff's RLTA claims. *Id.* The Defendants oppose the motion. Dkt. 198. For the reasons provided below, the motion (Dkt. 188) should be granted, in part, and denied, in part.

## I.  FACTS

The Plaintiffs filed their original complaint on September 21, 2022. Dkt. 1. In addition to their RLTA and breach of the duty of good faith and fair dealing claims, Plaintiffs asserted additional claims which have been dismissed by court order. Dkts. 48 (April 5, 2024 Order Granting Partial Motion to Dismiss) and 167 (July 2, 2024 Order on Defendants' Motion for Summary Judgment).

The remaining claims are the Plaintiffs' RLTA violation claims based on (a) repair and maintenance issues at Plaintiffs Frank Richmond and Michael and Kelley McDermotts' homes and (b) charges to Plaintiff Richmond for improper late fees, charges to Plaintiff Richmond for impermissible attorneys' fees/legal fees, and for retention of a portion of Plaintiff Richmond's deposit marked "service fee." These claims will be referred to as (a) "RLTA violation claims

based on repairs" and (b) "RLTA violation claims based on fees" respectively. Plaintiff Richmond's breach of the duty of good faith and fair dealing claim based on the improper charge of attorneys' fees/legal fees is also pending. Plaintiffs' claims for damages, declaratory relief, and prospective relief, including for format requirements for Defendants' form leases, remain.

### Allegations Related to the Proposed New Class Representatives

In their proposed Fifth Amended Complaint, the Plaintiffs move for leave to add Chance Gallo, Sheila Nasilasila, and Erin Wise as additional class representatives. Dkt. 188. They further move to add as defendants Defendant Home Partners Holdings LLC's ("Home Partners") affiliates who own Mr. Gallo's, Ms. Nasilasila, and Ms. Wise's rental properties. *Id.*

According to the proposed Fifth Amended Complaint, Mr. Gallo currently rents from a Home Partners' affiliate and, on move-in, he and his family were not provided a written check list describing the condition of the property. Dkt. 188-1 at 27-28. The property's yard and outbuildings are alleged to have been in poor condition. *Id.* at 28. Further, the proposed Fifth Amended Complaint asserts that the Gallo family made repair requests to Defendants, and many of the repairs were improperly denied, incompleted, and/or untimely. *Id.*

The proposed Fifth Amended Complaint contends that Ms. Sheila Nasilasila is one of Defendants' current tenants. Dkt. 188-1 at 28. On move-in, she was allegedly only supplied a limited electronic form to describe the condition of portions of the property and that form did not allow her to comment on any additional portions of the property. *Id.* The proposed Fifth Amended Complaint alleges further that the clothes dryer and air conditioning broke at different times and, although Ms. Nasilasila placed a maintenance request with Defendants, they either refused to fix it (dryer) or unduly delayed in the repair (air conditioner). *Id.* at 29.

  The proposed Fifth Amended Complaint alleges that Erin Wise is one of Defendants' former tenants. Dkt. 188-1 at 29. It contends that when she and her husband moved in, the home was damaged, including having exposed wires and mold and mildew present, and required extensive cleaning. *Id.* The proposed Fifth Amended Complaint contends that Ms. Wise reported the condition of the home to Defendants. *Id.* It alleges that due to crime in the neighborhood, she terminated her lease early. *Id.* After Ms. Wise sent a letter regarding her deposit, the Defendants allegedly charged Ms. Wise for alleged damage items and materials that she documented as damaged when she moved in. *Id.* at 30. The proposed Fifth Amended Complaint contends that Defendants did not agree to refund all improper damages charges. *Id.* Even after Ms. Wise reluctantly paid the damages charge, Defendants allegedly attempted to use a debt collector against her for that amount. *Id*.

### **Proposed Changes to Complaint re: Claims**

  The Plaintiffs' proposed Fifth Amended Complaint includes further explanation of their RLTA violation claims, including the Defendants' pre-occupant failure to maintain the lawns and landscaping in compliance with applicable laws, including nuisance laws; the charging of "legal services recovery fees" (attorneys' fees) without court orders; and charging late fees on late fees. Dkt. 188-1 at 36-40.

  It adds a claim under one of the RLTA's provisions on deposits, RCW 59.18.260, which provides, "[i]f the landlord collects a deposit without providing a written checklist [regarding the condition and cleanliness of the property] at the commencement of the tenancy, the landlord is liable to the tenant for the amount of the deposit . . ." Dkt. 188-1 at 39. The proposed Fifth Amended Complaint repleads another claim under a different RLTA deposit related provision, RCW 59.18.280, which addresses, in part, when a landlord may retain a deposit for property

damage. *Id*. As to the currently named Plaintiffs (Richmond and McDermotts), this RCW 59.18.280 claim, based on property damage, was dismissed on summary judgment. Dkt. 167 at 21-22.

The proposed Fifth Amended Complaint further clarifies the breach of the duty of good faith and fair dealing claim is based on Defendants charging tenants "legal services recovery fees." Dkt. 188-1 at 40-41. It removes their claim for unjust enrichment, which was dismissed in the order on summary judgment. *Id.* at 44.

The proposed Fifth Amended Complaint's prayer for relief includes a new request for an order "striking as void or unenforceable provisions of Defendants' leases that conflict with the RLTA and requiring Defendants to modify their form lease agreements." Dkt. 188-1 at 44.

## II.  DISCUSSION

Under Fed. R. Civ. P. 15 (a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A motion to amend under Rule 15 (a)(2), "generally shall be denied only upon a showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. University Medical Center of Southern Nevada,* 649 F.3d 1143 (9th Cir. 2011).

The Plaintiffs' motion for leave to file a proposed Fifth Amended Complaint (Dkt. 188) should be granted, in part, and denied, in part.

**Bad faith**. When the moving party seeks amendment to "prolong the litigation by adding new but baseless legal theories," they have acted in bad faith. *Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877, 880 (9th Cir. 1999). There is no showing of bad faith. The newly pleaded claims do not appear to be baseless.

**Undue Delay.** The motion is not unduly delayed. "Whether there has been 'undue delay' should be considered in the context of (1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date." *Wizards of the Coast LLC v. Cryptozoic Entertainment LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015)(*citing Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798–99 (9th Cir. 1991)).

The length of the time between when the Plaintiffs learned of the newly proposed Plaintiffs and their claims was not overly long. Further, discovery has not closed. According to the January 3, 2024 scheduling order, discovery is to be completed within 120 days after a decision on the motion for class certification is issued. Dkt. 92. The dispositive motions deadline is 150 days after the decision on class certification. *Id.* The Plaintiffs' first motion to certify a class was denied without prejudice and a deadline was set for the Plaintiffs to file an amended motion. Dkt. 181. The Plaintiffs have filed their amended motion to certify a class and it is pending. Dkt. 189. Accordingly, no final decision on the motion to certify a class has been issued. Lastly, no trial date has been set. Accordingly, the motion was not unduly delayed.

**Futility**. "A motion for leave to amend may be denied if it appears to be futile or legally insufficient." *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209 (9th Cir. 1988), *overruled on other grounds*. The test to determine the sufficiency of a proposed amendment is the same as the one used when considering the sufficiency of a pleading challenged under Fed. R. Civ. P. 12(b)(1) or 12(b)(6). *See Id.* Rule 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss

does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (*internal citations omitted*). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

There is no showing that addition of the three new plaintiffs or new defendants is futile. Defendants argue that adding Ms. Wise and the damage-deduction claim under RCW 59.18.260 is futile because she signed a release. Dkt. 198 at 14-15. It is not clear that the release applies to all claims alleged here. Further, the Plaintiffs contend that the RLTA's anti-waiver provisions apply to that "release" and it is not enforceable. Dkt. 213 at 5 (*citing* RCW 59.18.230 and 59.18.280). These defenses should not yet be considered in regard to the motion to amend the complaint.

Pointing to paragraph 246 of the proposed Fifth Amended Complaint, the Defendants assert that the Plaintiffs' proposed amendment regarding injunctive relief is futile because they also seek money damages. Dkt. 198 at 15. The paragraph at issue provides: "Defendants **have and** will continue their illegal practices and noncompliance with the RLTA . . ." Dkt. 188-1 at 43 (*emphasis added*). To the extent Plaintiffs' proposed amendment adds the phrase "have and" to their claim for injunctive relief, their claim is one for retroactive injunctive relief. This Court has already dismissed all claims for retroactive injunctive relief. Dkt. 167 at 25. To claim an equitable remedy like retroactive injunctive relief, a plaintiff must show that they lack an adequate remedy at law. Dkt. 167 at 24-25 (*citing Sonner v. Premier Nutrition Corp.,* 971 F.3d

1  834, 844 (9th Cir. 2020)).  They have not done so here.  To the extent the Plaintiffs' proposed

2  amendment is for retroactive injunctive relief, the motion for leave to file an amended complaint

3  should be denied.

4        **Undue Prejudice to Defendants**.  Of the factors to be considered in determining a

5  motion for leave to amend a complaint, prejudice to the opposing party carries the greatest

6  weight.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

7        The Defendants argue that they would be unduly prejudiced by amendment because the

8  Plaintiffs add claims and Defendants and they would need to engage in more discovery and

9  motions practice.  Dkt. 198.  Generally, the need for additional discovery is insufficient prejudice

10 to deny a motion to amend a pleading.  Except for one of the claims related to how Defendants

11 handle deposits (the new proposed claim pursuant to RCW 59.18.260), the Plaintiffs advance the

12 same legal theories.  The newly pleaded claim regarding deposits under RCW 59.18.260 is

13 closely related to their other deposit related claim under RCW 59.18.280.  Moreover, the

14 proposed new representative plaintiffs were known to the Defendants.  The Defendants contacted

15 at least some of these parties before they were named in the litigation and spoke with them about

16 their experiences. Dkts. 178-1 (Nasilasila) and 178-3 (Wise).  Defendants have deposed each of

17 the proposed new representative plaintiffs.  Dkts. 190-7 (Gallo), 190-8 (Nasilasila), and 201-4

18 (Wise).  The Defendants have presented insufficient evidence that amendment would lead to

19 overly burdensome discovery.  Further, it has not shown that there would be a significant delay

20 in resolution of the Plaintiffs' claims.

21 /

22 /

23 /

24

### III. ORDER

- Plaintiffs' Motion for Leave to File Fifth Amended Complaint (Dkt. 188) **IS DENIED IN PART,** to the extent the Plaintiffs' proposed amendment is for retroactive injunctive relief, and **GRANTED IN ALL OTHER RESPECTS;** and

- By **November 20, 2024**, the Plaintiffs **SHALL FILE** a clean copy of their Fifth Amended Complaint, omitting the portions which conflict with this order.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 18th day of November, 2024.

ROBERT J. BRYAN
United States District Judge