1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11 FRANK RICHMOND, MICHAEL
MCDERMOTT and KELLEY
MCDERMOTT, CHANCE GALLO,
12 SHEILA NASILASILA, and ERIN WISE,
each individually and on behalf of all others
13 similarly situated,

14                    Plaintiffs,

15          v.

16 HOME PARTNERS HOLDINGS LLC, HP
WASHINGTON I LLC, HPA
17 BORROWER 2017-1 LLC, SFR
BORROWER 2022-2 LLC, SFR
18 BORROWER 2021-2 LLC, and
OPVHHJV, d/b/a PATHLIGHT
19 PROPERTY MANAGEMENT, SFR
BORROWER 2021-3 LLC SFR
20 ACQUISITIONS 3 LLC, HPA II
BORROWER 2020-2 LLC,

21                    Defendants.

CASE NO. 22-5704-DGE-RJB

ORDER ON MOTION FOR CLASS
CERTIFICATION AND MOTION
TO EXCLUDE[1]

22

23

24 [1] Table of Contents attached.

This matter comes before the Court on the Plaintiffs' (Frank Richmond, Michael McDermott, Kelley McDermott, Chance Gallo, Sheila Nasilasila and Erin Wise) Motion for Class Certification and for Appointment of Class Representatives and Class Counsel (Dkt. 189, amended and refiled in unredacted form at Dkt. 218, cited herein as Dkt. 218). Defendants (Home Partners Holdings LLC ("Home Partners"), Home Partner's affiliates (HP Washington I LLC, HPA Borrower 2017-1 LLC, SFR Borrower 2022-2 LLC, and SFR Borrower 2021-2 LLC, SFR Borrower 2021-3 LLC, SFR Acquisitions 3 LLC, HPA II Borrower 2020-2 LLC), and Home Partner's wholly owned subsidiary, Pathlight Property Management's ("Pathlight") (collectively "Defendants")) responded (Dkt. 208-2) and moved to exclude the opinions of Robert Kneuper, Ph.D. (Dkt. 199).

The Court has considered the pleadings filed regarding the motions and the remaining record. Oral argument would not be helpful in resolving these motions.

The tenant-Plaintiffs in this case allege that the Defendants, a national real estate investment and property management conglomerate, use illegal leases and engage in practices that violate the Plaintiffs' rights under Washington's Residential Landlord Tenant Act, RCW 59.18, *et. seq.* ("RLTA"). The Plaintiffs also contend that the Defendants breached their duty of good faith and fair dealing. They seek damages, declaratory relief, and prospective injunctive relief.

Plaintiffs asserted additional claims which have been dismissed. Certain grounds for their claims under the RLTA, and for the breach of the duty of good faith and fair dealing, were dismissed. Dkt. 167. Additionally, their claims for violations of the Washington Consumer Protection Act, RCW 19.86, *et. seq.*, unjust enrichment, retrospective injunctive relief, rescission, restitution, and disgorgement have also been dismissed. Dkts. 48 and 167.

1  After their first motion to certify a class was denied without prejudice, the Plaintiffs now

2  move for a second time for class certification, appointment of class representatives, and

3  appointment of class counsel.  Dkt. 218.  Defendants move to exclude Plaintiffs' damages expert.

4  Dkt. 199.  For the reasons provided below, the Plaintiffs' motion (Dkt. 218) should be granted, in

5  part, and denied, in part.  Defendants' motion (Dkt. 199) should be granted.

6  **I.    FACTS, PROCEDURAL HISTORY MOTIONS AND OPINION**

7  **A.  FACTS AND PROCEDURAL HISTORY**

8  Relevant facts and procedural history are in the July 2, 2024 Order on Defendants'

9  Motion for Summary Judgment (Dkt. 167 at 1-12) and the November 18, 2024 Order on

10  Plaintiffs' Motion for Leave to File Fifth Amended Complaint (Dkt. 223 at 1-5)The facts in these

11  orders are adopted here with one exception:  Mr. and Mrs. McDermott moved out in August of

12  2024 and so are no longer current tenants (Dkt. 208-4).

13  After the July 2, 2024 order on summary judgment (Dkt. 167) and the November 18,

14  2024 order granting, in part, and denying, in part, Plaintiffs' motion to file a Fifth Amended

15  Complaint (Dkt. 223), the basis of Plaintiffs' remaining claims, which are made for individual

16  Plaintiffs and the classes on allegedly common contentions, are as follows:

17  • **RLTA Claims** based on: (a) repair and maintenance issues at Plaintiffs' homes,

18  (b) charges to Plaintiff Richmond for improper late fees, (c) charges to Plaintiff

19  Richmond for impermissible attorneys' fees/legal fees, (d) collecting deposits

20  from Plaintiffs without complying with property damage checklist requirements,

21  (e) retention of a portion of Plaintiff Richmond's deposit marked "service fee,"

22  and (f) retention of a portion of Plaintiff Wise's deposit for damage.

23

24

- **Breach of Duty of Good Faith and Fair Dealing Claim** based on charges to Plaintiff Richmond for impermissible attorneys' fees/legal fees.

- **Damages, Prospective Injunctive Relief, and Declaratory Relief Claims,** including "format requirements for Defendants' form lease," also remain.

**B. MOTIONS AND ORGANIZATION OF OPINION**

The Plaintiffs seek certification of a "Damages Class" under Fed. R. Civ. P. 23(a) and 23 (b)(3) comprising of:

A. All persons who have leased from Defendants in Washington under a written rental agreement that was active or in effect as of September 21, 2016, and who (1) were required by Defendants' leases and policies to perform or pay for routine repairs or maintenance or for wear resulting from ordinary use of the premises, specifically HVAC filter replacement, lawn/yard or irrigation system maintenance, snow or ice removal, or appliance, fireplace, chimney repair or replacement, (2) made a maintenance or repair request that was denied as "resident responsibility" or "as-is", or (3) made a maintenance or repair request to Defendants in which remediation was not commenced or promptly completed within the time limits specified by RCW 59.18.070 (the "Maintenance and Repair Subclass").

B. All persons who have leased from Defendants under a rental agreement in effect on or after September 21, 2016, and who were charged late fees (the "Late Fee Subclass");[2]

C. All persons who have leased from Defendants under a rental agreement in effect on or after September 21, 2016, and who were charged attorneys' fees (the "Attorneys' Fee Subclass");

D. All persons who moved in on or after September 21, 2019, and from whom Defendants collected a security deposit without providing a move-in written statement or checklist conforming to the criteria stated in RCW 59.18.260 (the "Move-in Subclass"); and

E. All persons who moved out on or after September 21, 2019, and to whom Defendants mailed a statement without providing a full and specific statement for

---

[2] The Late Fee Subclass and the Attorneys' Fee Subclass were proposed by the Plaintiffs as a single "Fee Subclass." Dkt. 189. Plaintiffs state in their reply that the Fee Subclass could be separated as reflected in class definition subsections "B" and "C." Dkt. 214.

the reason for withholding in the time and manner specified by RCW 59.18.280
(the "Move-out Subclass").

Dkt. 218 at 8-9.

The Plaintiffs also seek certification of an "Injunctive Class" under Fed. R. Civ. P. 23(a)
and 23(b)(2) of:

All persons who are leasing with Defendants within the State of Washington.

Dkt. 218.

Defendants oppose the motion to certify a class.  Dkt. 208-2.  Plaintiffs filed a reply. Dkt.
214.  The parties discuss various additional issues in these pleadings, like whether the trial
should be bifurcated and when the statute of limitations began to run on particular claims.  No
motion was made on these issues and this order does not address them.

The Defendants move to exclude the Opinions of Robert Kneuper, Ph.D., Plaintiffs'
damages expert.  Dkt. 199.  The Plaintiffs oppose the motion.  Dkt. 220.  The Defendants filed a
reply.  Dkt. 222.

The motions are ripe for consideration.  This opinion will first address the Plaintiffs'
motion for certification (Dkt. 218) in all its parts and then consider the Defendants' motion to
exclude Dr. Kneuper's opinions (Dkt. 199).

## II.    **<u>DISCUSSION</u>**

### A.  CLASS CERTIFICATION STANDARD

"A member of a class may sue as a representative party if the member satisfies Federal
Rule of Civil Procedure 23(a)'s four prerequisites: numerosity, commonality, typicality, and
adequacy of representation." *Johnson v. City of Grants Pass*, 50 F.4th 787, 802 (9th Cir. 2022).
If Rule 23(a) requirements are met, a putative class representative must then show that the class
falls into one of the categories under Rule 23(b).  *Id.*  Plaintiffs seek certification of a "damages

class" under Rule 23(b)(3) and an "injunctive class" under Rule 23(b)(2).  Dkt. 218.  Those

provisions of the Rule 23(b) provide:

> A class action may be maintained if Rule 23(a) is satisfied and if:

> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole . . .

> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

>> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;

>> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

>> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

>> (D) the likely difficulties in managing a class action.

Analysis of whether the Plaintiffs have met the Fed. R. Civ. P. 23 requirements will first

be addressed with regard to the damages class (by its subclasses), and then with the injunctive

class.

## B.  CERTIFICATION OF PLAINTIFFS' DAMAGES CLASS BY SUBCLASS

### 1.  Maintenance and Repair Subclass:  RLTA Violation Claims based on Maintenance and Repair Issues

For the reasons provided below, the Plaintiffs' motion for certification of a maintenance

and repair subclass (Dkt. 218) should be denied.  The Plaintiffs have failed to demonstrate that

Fed. R. Civ. P. 23(a)'s prerequisites of commonality and typicality are met.  Further, they have

not shown that "questions of law or fact common to class members predominate over any

1  questions affecting only individual members" as required by Fed. R. Civ. P. 23(b)(3).  The

2  remaining requirements under Fed. R. Civ. P. 23 need not be addressed.  *See Johnson* at 802.

3                          *a.  Rule 23(a)*

4                          i.  <u>Commonality – Rule 23(a)(2)</u>

5       Rule 23(a)(2) mandates that there be "questions of law or fact common to the class."

6  "[T]he word 'question' in Rule 23(a)(2) is a misnomer."  *Johnson* at 804.  "What matters to class

7  certification is not the raising of common questions—even in droves—but rather the capacity of

8  a classwide proceeding to generate common answers apt to drive the resolution of the litigation."

9  *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350 (2011).  Class claims must depend on a

10  "common contention." *Id.*  Further, that "common contention . . . must be of such a nature that it

11  is capable of classwide resolution which means that determination of its truth or falsity will

12  resolve an issue that is central to the validity of [class claims] in one stroke."  *Id*.

13       Determination of whether a landlord is liable under the RLTA for failing to make a repair

14  or maintain residential property is an individual and fact intensive inquiry.  The RLTA requires

15  landlords to keep rental premises "fit for human habitation." RCW 59.18.060.  This mandate

16  includes requiring that landlords maintain the premises consistent with any applicable codes,

17  maintain structural components (like roofs and walls) in "reasonably good repair," provide a

18  program for pest control, make certain repairs, maintain all electrical, plumbing, heating and

19  other facilities and appliances supplied by the landlord in "reasonably good working order,"

20  maintain the unit in "reasonably weathertight condition," and provide facilities "adequate to

21  supply heat and water, and hot water as reasonably required by the tenant."  RCW 59.18.060(1),

22  (2), (4), (5), (8), (9), (11).  The RLTA provides specific timeframes for a landlord to carry out

23  their duties and repairs.  RCW 59.18.070.  "Except where circumstances are beyond the

24

landlord's control," landlords must start remedial action for written reported deficiencies relating to:  (a) water, heat, or conditions "imminently hazardous to life" within 24 hours, (b) refrigerator, range, oven, or major plumbing fixtures supplied by the landlord within 72 hours, and (c) in all other cases, not more than ten days.  *Id*.

Tenants also have obligations under the RLTA relating to the property's condition.  For example, the RLTA requires that tenants shall keep the premises "as clean and sanitary as the conditions of the premises permit."  RCW 59.18.130(1).  They shall dispose of garbage in "reasonable and regular intervals, and assume all costs of extermination and fumigation for infestations caused by the tenant." RCW 59.18.130(2).  The RLTA requires that tenants "properly use and operate" all fixtures and appliances supplied by the landlord and "not intentionally or negligently destroy, deface, impair or remove any part of the structure or dwelling . . . or permit any member of his or her family, invitee, licensee, or any person acting under his or her control to do so."  RCW 59.18.130(3)-(4).  Tenants must report deficiencies in the property's condition in writing.  RCW 59.18.070.

The RLTA also provides that "[n]o duty shall devolve upon the landlord to repair a defective condition . . . nor shall any defense or remedy be available to the tenant . . . where the defective condition complained of was caused by the conduct of such tenant, his or her family, invitee, or other person acting under his or her control . . ."  RCW 59.18.060(15).

The RLTA places complex interrelated burdens on both landlords and tenants where there is a maintenance or repair issue.  To determine whether Home Partners was liable for failure to comply with its repair and maintenance duties required under the RLTA, fact intensive individualized inquiries are necessary.  They include (a) whether a particular resident reported a covered RLTA issue in writing, (b) whether Home Partners accepted or denied the request, (c)

1    whether the tenant provided home access, and (d) if Home Partners agreed to perform the repair

2    or maintenance, whether it acted within the required timeframes.  Further, inquiry into (e)

3    whether the tenant caused the "defective condition" would also be necessary.  The issues raised

4    by Plaintiffs' RLTA repair and maintenance claims are not based on common contentions that

5    are "capable of classwide resolution."  *Dukes* at 350.  A class-wide proceeding would not

6    "generate common answers apt to drive resolution of the litigation" for these claims.  *Id.*

7          To the extent the Plaintiffs argue that their motion for class certification is based on their

8    theory that Home Partners' form leases conflict with the requirements in the RLTA, their motion

9    should be denied.  The July 2, 2024 order on the motion for summary judgment held that the

10   leases incorporated requirements of the RLTA and any lease provisions that conflicted with the

11   RLTA were invalid.  Dkt. 167 at 14-16.  To the extent the Plaintiffs based their claims on their

12   assertion that Home Partners used uniform nationwide policies to determine whether certain

13   maintenance or repairs would be made, the motion for certification should also be denied.

14   Plaintiffs have the burden to show that several individualized inquiries would not be necessary to

15   establish liability.  They have not done so.  That Home Partners had a policy does not mean that

16   they are liable under the RLTA as to any particular Washington tenant.  Again, determining

17   RLTA liability is a multi-step process requiring case-by-case determinations.

18                          ii.    <u>Typicality – Rule 23(a)(3)</u>

19          Typicality requires that "the claims or defenses of the representative parties are typical"

20   of the class. Fed. R. Civ. P. 23(a)(3). Typicality "refers to the nature of the claim or defense of

21   the class representative, and not to the specific facts from which it arose, or the relief

22   sought." *Johnson* at 805 (*internal quotation marks and citation omitted*).  It is a "permissive

23   standard." *Id*.  "The test of typicality is whether other members have the same or similar injury,

24

1    whether the action is based on conduct which is not unique to the named plaintiffs, and whether

2    other class members have been injured by the same course of conduct." *A. B. v. Hawaii State*

3    *Dep't of Educ.*, 30 F.4th 828, 839 (9th Cir. 2022).

4          To the extent the Plaintiffs seek certification of their RLTA violation claims based on

5    repairs and maintenance, they also fail to show that their claims are typical of the class.

6    Considering the requirements to establish liability under the RLTA, Plaintiffs have not

7    demonstrated that Home Partners' repair and maintenance decisions were based on "conduct

8    which was not unique to the named plaintiffs." *A. B.* at 839.

9                              b.   *Rule 23(b)*

10         To the extent the Plaintiffs seek certification of their RLTA violation damages claims

11   based on repairs and maintenance they have not shown that the "questions of law or fact

12   common to class members predominate over any questions affecting only individual members."

13   Rule 23(b)(3).  Landlord liability under the RLTA based on the allegations here would require

14   examination of each potential class member's situation.  Individual issues would predominate

15   over common class questions.

16                             c.   *Conclusion*

17         To the extent the Plaintiffs seek subclass certification of their RLTA violation claims

18   based on repairs and maintenance, their motion (Dkt. 218) should be denied.

19         **2.   Late Fee Subclass:  RLTA Violation Claims based on Charging Improper**
           **Late Fees and Attorneys' Fee Subclass:  RLTA Violation Claims based on**

20         **charging Impermissible Attorneys' Fees and Breach of the Duty of Good**
           **Faith and Fair Dealing Claim based on Charging Impermissible**

21         **Attorneys' Fees**

22         Plaintiff Richmond represents both the Late Fees Subclass and Attorneys' Fees Subclass.

23   Dkt. 218.

24

1

2          a.  *Rule 23(a)*

          For the reasons provided below, Plaintiffs have met the requirements of Rule 23(a) for

3    both the Late Fee Subclass and the Attorneys' Fee Subclass.

4                    i.        Numerosity - Rule 23(a)(1)

5          The requirement of numerosity is met if "the class is so large that joinder of all members

6    is impracticable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).  The

7    numerosity requirement is not tied to any fixed numerical threshold, but courts generally find the

8    numerosity requirement satisfied when a class includes at least forty members.  *Rannis v.*

9    *Recchia*, 380 F. App. 646, 650–51 (9th Cir. 2010).

10         The Plaintiffs point out that over 3,100 tenants have been charged late fees during the

11   class period, and 380 tenants were charged for attorneys' fees. Dkt. 190 at 4-5.  The Plaintiffs

12   have adequately shown that the Late Fee and Attorney Fee Subclasses are sufficiently large that

13   "joinder of all members is impracticable."  *Hanlon* at 1019.  Rule 23(a)(1)'s numerosity

14   requirement is satisfied.

15                   ii.       Commonality – Rule 23(a)(2)

16         Home Partners' motion for summary judgment on Plaintiff Richmond's claim that it was

17   charging impermissible late fees and improperly charging for attorneys' fees/legal fees contrary

18   to the RLTA and charging attorneys' fees in breach of the duty of good faith and fair dealing was

19   denied. Dkt. 164.  These claims raise common contentions, the resolution of which could occur

20   on a classwide basis.  *Dukes* at 350.  Liability on these claims is determinable with reference to

21   the RLTA's objective criteria and Home Partner's records.  Rule 23(a)(2) is met.

22                   iii.      Typicality – Rule 23(a)(3)

23

24

1    Plaintiff Richmond's claims for these RLTA violations and breach of the duty of good

2   faith and fair dealing are typical of the class/subclasses.  Class members have the same injury, in

3   both subclasses, caused by the same non-unique conduct.  Rule 23(a)(3) is met.

4                                iv.    Adequacy – Rule 23(a)(4)

5    Rule 23(a)(4) mandates that "the representative parties will fairly and adequately protect

6   the interests of the class."  To decide whether named plaintiffs will adequately represent a class,

7   two questions are considered: "(1) do the named plaintiffs and their counsel have any conflicts of

8   interest with other class members and (2) will the named plaintiffs and their counsel prosecute

9   the action vigorously on behalf of the class?" *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970,

10   985 (9th Cir. 2011).

11    Plaintiff Richmond has shown that he would "fairly and adequately protect the interests

12   of the class."  Rule 23(a)(4).  There is no showing that Plaintiff Richmond or class counsel has a

13   conflict of interest with other class members.  Home Partners does not contest the adequacy of

14   Plaintiffs' counsel.  Plaintiff Richmond has agreed to vigorously prosecute this case on behalf of

15   the class.  Dkt. 112 at 10.

16                                b.  *Rule 23(b)*

17    In addition to meeting the requirements of Rule 23(a), Plaintiffs must also show that "the

18   class falls into one of three categories under Rule 23(b)." *Johnson* at 802.

19                                i.    Injunctive or Declaratory Relief – Rule 23(b)(2)

20    Plaintiffs have shown that certification of both the Late Fee Subclass and Attorneys' Fees

21   Subclass under Rule 23(b)(2) is appropriate.  Home Partners has "acted or refused to act on

22   grounds that apply generally to the class" regarding these charges.  If Plaintiff Richmond

23

24

1    prevails, "final injunctive relief or corresponding declaratory relief is appropriate respecting the

2    [sub]class as a whole." Rule 23(b)(2).

3                        ii.    <u>Predominance and Superiority – Rule 23(b)(3)</u>

4            Plaintiffs have also shown that certification under Rule 23(b)(3) is proper. They have

5    shown that common legal and factual issues predominate over individual issues as to Home

6    Partner's charging both late fees and attorneys' fees. The Plaintiffs have demonstrated that a

7    class action is superior to other available methods to resolve the controversy. The amounts

8    charged were relatively small, so the putative class members do not have a strong interest in

9    controlling prosecution of the case. Rule 23(b)(3)(A). There is no evidence that other putative

10   class members have already begun litigation on these issues. Rule 23(b)(3)(B). There are

11   advantages of concentrating the litigation in this forum. Rule 23(b)(3)(C). Managing a class

12   with these claims is not more or less difficult than other class actions. Rule 23(b)(3)(D).

13   Identification of class members who were charged either late fees or attorneys' fees is

14   determinable by review of Home Partner's records. Rule 23(b)(3) is met.

15                       c.    *Conclusion*

16           Plaintiffs have met Rule 23's requirements for certification of both the Late Fee Subclass

17   and Attorneys' Fees Subclass. Accordingly, the motion to certify both the Late Fee Subclass and

18   Attorneys' Fees Subclass (Dkt. 218) should be granted.

19           **3.    <u>Move-In Subclass: RLTA Violation Claims based on Impermissible</u>**
                 **<u>Collection of Security Deposits</u>**
20
     Each of the Plaintiffs represent the Move-In Subclass. Dkt. 218.
21
                        a.    *Rule 23(a)*
22
             For the reasons stated below, the Plaintiffs have met the requirements of Rule 23(a) for
23
     certification of the Move-In Subclass.
24

i.      Numerosity – Rule 23(a)(1)

The Plaintiffs have shown that Home Partners has entered leases and collected deposits from over 3,300 tenants since 2016.  Dkt. 131 at 3.  The Plaintiffs have adequately shown that the Move-In Subclass is sufficiently large that "joinder of all members is impracticable." *Hanlon* at 1019. Rule 23(a)(1)'s numerosity requirement is satisfied.

ii.     Commonality – Rule 23(a)(2)

Plaintiffs' claim that Home Partners acted impermissibly when it collected security deposits from its tenants under the RLTA.  They point to RCW 59.18.260, which provides:

> (2) No deposit may be collected by a landlord unless the rental agreement is in writing and a written checklist or statement is provided by the landlord to the tenant at the commencement of the tenancy specifically describing the condition and cleanliness of or existing damages to the premises, fixtures, equipment, appliances, and furnishings including, but not limited to:
>
>> (a) Walls, including wall paint and wallpaper;
>>
>> (b) Carpets and other flooring;
>>
>> (c) Furniture; and
>>
>> (d) Appliances.
>
> (3) The checklist or statement shall be signed and dated by the landlord and the tenant, and the tenant shall be provided with a copy of the signed checklist or statement. The tenant has the right to request one free replacement copy of the written checklist.
>
> (4) No such deposit shall be withheld on account of wear resulting from ordinary use of the premises.
>
> (5) If the landlord collects a deposit without providing a written checklist at the commencement of the tenancy, the landlord is liable to the tenant for the amount of the deposit, and the prevailing party may recover court costs and reasonable attorneys' fees.

The Plaintiffs assert that either tenants were not given any written checklist as required or the checklist they were given was deficient under RCW 59.18.260.  Dkt. 218.  These claims raise

1    common contentions, the resolution of which could occur on a classwide basis. *Dukes* at 350.

2    Liability on this claim is determinable with reference to the RLTA's objective criteria and Home

3    Partner's records. Rule 23(a)(2) is met.

4                              iii.    Typicality – Rule 23(a)(3)

5        Plaintiffs' claims for the RLTA violations based on the impermissible collection of

6    security deposits are typical of the subclass. Putative class members have the same injury caused

7    by the same non-unique conduct. Rule 23(a)(3) is satisfied.

8                              iv.    Adequacy – Rule 23(a)(4)

9        Plaintiffs have shown that they would "fairly and adequately protect the interests of the

10   class." Rule 23(a)(4). There is no showing that the named Plaintiffs or class counsel has a

11   conflict of interest with other class members. Home Partners does not contest the adequacy of

12   Plaintiffs' counsel. Plaintiffs have agreed to vigorously prosecute this case on behalf of the

13   class. *See, e.g.* Dkts. 112 at 10; 113 at 7; 192 at 2.

14                         b.   *Rule 23(b)*

15       For the following reasons, Plaintiffs have shown that the Move-In Subclass has met the

16   requirements of Rule 23(b)(2) and (b)(3).

17                              i.    Injunctive or Declaratory Relief – Rule 23(b)(2)

18       Plaintiffs have shown that certification of the Move-In Subclass under Rule 23(b)(2) is

19   appropriate. They have demonstrated that Home Partners has "acted or refused to act on grounds

20   that apply generally to the [sub]class." Rule 23(b)(2). They contend that Home Partners

21   collected deposits from all tenants without providing proper written checklists contrary to RCW

22   59.18.260(2). If Plaintiffs prevail, "final injunctive relief or corresponding declaratory relief is

23   appropriate respecting the [sub]class as a whole." Rule 23(b)(2).

24

1          ii.      Predominance and Superiority – Rule 23(b)(3)

2        Plaintiffs have also shown that certification of the Move-In Subclass under Rule 23(b)(3)

3   is warranted. Common legal and factual issues predominate over individual issues as to these

4   claims.  While the Defendants maintain that many in this subclass have no injury, the

5   Defendants' arguments are based on their interpretation of RCW 59.18.260.  Plaintiffs offer an

6   equally plausible interpretation of the statute.  Further, the Plaintiffs have demonstrated that a

7   class action is superior to other available methods to resolve the controversy.  The deposits

8   collected were relatively small, so the putative class members do not have a strong interest in

9   controlling prosecution of the case.  Rule 23(b)(3)(A).  There is no evidence that other putative

10  class members have already begun litigation on these issues.  Rule 23(b)(3)(B).  There are

11  advantages of concentrating the litigation in this forum.  Rule 23(b)(3)(C).  Managing a subclass

12  with this claim is not more or less difficult than other class actions.  Rule 23(b)(3)(D).

13  Identification of class members is determinable by review of Home Partner's records.  Rule

14  23(b)(3) is met.

15          c.   *Conclusion*

16        Plaintiffs have met Rule 23's requirements for certification of a Move-In Subclass for

17  RLTA claims based on Home Partners' collecting a deposit contrary to RCW 59.18.260(2).  The

18  Plaintiffs' motion to certify the Move-In Subclass (Dkt. 218) should be granted.

19          **4.   Move-Out Subclass:  RLTA Violation Claims based on Improper**
              **Retention of a Portion of Security Deposit**
20

21        Plaintiffs Richmond and Wise represent the Move-Out Subclass.  Dkt. 218.

22          a.   *Rule 23(a)*

23        For the reasons provided below, the Plaintiffs have met the requirements of Rule 23(a)

24  for certification of the Move-Out Subclass.

ORDER ON MOTION FOR CLASS CERTIFICATION AND MOTION TO EXCLUDE - 16

1

i.      Numerosity – Rule 23(a)(1)

2    The Plaintiffs point to several individuals that a move-out "service fee" was charged

3 (Dkt. 175-2) and 741 instances where deposits were retained for damage without documentation

4 or explanation as required by the RLTA (Dkts. 111 at 5-6). The Plaintiffs have adequately shown

5 that the Move-Out Subclass is sufficiently large that "joinder of all members is impracticable."

6 *Hanlon* at 1019.  Rule 23(a)(1)'s numerosity requirement is met.

7

ii.      Commonality – Rule 23(a)(2)

8    Home Partners' motion for summary judgment on Plaintiff Richmond's claim that it

9 impermissibly retained a portion of his security deposit as "service fees" contrary to the RLTA

10 was denied.  Dkt. 164.  Plaintiff Wise asserts that Home Partners retained a portion of her deposit

11 for damage that she did not cause contrary to the RLTA.  Dkt. 178-3.  Plaintiffs Richmond and

12 Wise's claims regarding Home Partner's impermissible retention of deposits raise common

13 contentions, the resolution of which could occur on a classwide basis.  *Dukes* at 350.  Liability

14 on these claims is determinable with reference to the RLTA's objective criteria and Home

15 Partner's records.  Rule 23(a)(2) is satisfied.

16

iii.      Typicality – Rule 23(a)(3)

17    Plaintiffs Richmond and Wise's claims for this RLTA violation is typical of the

18 subclasses.  Putative class members have the same injury caused by the same non-unique

19 conduct.  Rule 23(a)(3) is met.

20

iv.      Adequacy – Rule 23(a)(4)

21    As is true of the other subclasses, the Plaintiffs have demonstrated that they met Rule

22 23(a)(4)'s requirements that "the representative parties will fairly and adequately protect the

23 interests of the [Move-out] [Sub]class."

24

1

                         b.  *Rule 23(b)*

2          In addition to meeting the requirements of Rule 23(a), for the reasons provided below, the

3 Plaintiffs have shown that the Move-Out Subclass "falls into one of three categories under Rule

4 23(b)." *Johnson* at 802.

5                      i.      <u>Injunctive or Declaratory Relief – Rule 23(b)(2)</u>

6          Plaintiffs have shown that certification of the Move-Out Subclass under Rule 23(b)(2) is

7 appropriate.  Home Partners has "acted or refused to act on grounds that apply generally to the

8 class" regarding its retention of tenants' deposits.  If Plaintiffs Richmond and/or Wise prevail,

9 "final injunctive relief or corresponding declaratory relief is appropriate respecting the [sub]class

10 as a whole."  Rule 23(b)(2).

11                    ii.      <u>Predominance and Superiority – Rule 23(b)(3)</u>

12          Plaintiffs have also shown that certification under Rule 23(b)(3) is proper. They have

13 shown that common legal and factual issues predominate over individual issues as to Home

14 Partner's retention of portions of tenants' deposits.  The Plaintiffs have also demonstrated that a

15 class action is superior to other available methods to resolve the controversy.  As is true of the

16 other subclasses, the amounts retained were relatively small, so the putative class members do

17 not have a strong interest in controlling prosecution of the case.  Rule 23(b)(3)(A).  There is no

18 evidence that other putative class members have already begun litigation on these issues.  Rule

19 23(b)(3)(B).  There are advantages of concentrating the litigation in this forum.  Rule

20 23(b)(3)(C).  Managing a class with these claims is not more or less difficult than other class

21 actions.  Rule 23(b)(3)(D).  Identification of class members who had portions of their deposits

22 retained for either "service fees" or for damage is determinable by review of Home Partner's

23 records.  Rule 23(b)(3) is met.

24

1

c. *Conclusion*

2

Plaintiffs have met Rule 23's requirements for certification of a Move-Out Subclass for

3

RLTA violations.  The motion to certify the Move-Out Subclass (Dkt. 218) should be granted.

4

**C. CERTIFICATION OF PLAINTIFFS' INJUNCTION CLASS AND CONCLUSION**

5

6

In addition to the Damages Class, the Plaintiffs move for certification of an Injunction

7

Class.  Dkt. 218.  Current-tenant Plaintiffs Gallo and Nasilasila are the representative plaintiffs

8

and seek prospective injunctive and declaratory relief that Defendants:

9

(1) Cease their use of leases containing clauses that conflict with the RLTA, and to employ written rental agreements that meet the requirements of RCW 59.18.030(29), .060, .170, .230, .283, and .360;

10

(2) calculate late fees solely in accordance with the RLTA or local laws;

11

12

(3) comply fully with RLTA provisions governing the collection and return of security deposits; and

13

(4) cease charging tenants for attorneys' fees unless a court has ordered that Defendants are the prevailing party in an action upon a lease.

14

Dkt. 218 at 7-8.

15

Current-tenant Plaintiffs Gallo and Nasilasila's motion for an Injunctive Class (Dkt. 214)

16

should be granted.  As stated in Section II.B.(2)-(4) above, the Plaintiffs have demonstrated that

17

the Late Fees Subclass, Attorneys' Fees Subclass, Move-In Subclass, and Move-out Subclass

18

meet the requirements for Rule 23(a) and Rule 23(b)(2).  In each of the subclasses, the Plaintiffs

19

seek relief from policies and practices that  generally apply to the subclasses.  "Rule 23(b)(2)

20

requirements are unquestionably satisfied when members of a putative class seek uniform

21

injunctive or declaratory relief from policies or practices that are generally applicable to the class

22

as a whole." *Stromberg v. Qualcomm Inc*., 14 F.4th 1059, 1067 (9th Cir. 2021)(*internal*

23

*quotation marks and citations omitted*).

24

ORDER ON MOTION FOR CLASS CERTIFICATION AND MOTION TO EXCLUDE - 19

1

## D. DEFENDANTS' MOTION TO EXCLUDE DR. KNEUPER'S OPINIONS

2

Federal Rule of Evidence 702 provides that expert opinions are admissible if: "(a) the

3

expert's scientific technical, or other specialized knowledge will help the trier of fact to

4

understand the evidence or to determine a fact in issue; (b) the expert testimony is based on

5

sufficient facts or data; (c) the testimony is the result of reliable principles and methods; and (d)

6

the expert has reliably applied the principles and methods to the facts of the case." Under Rule

7

702, courts have a "gatekeeping" obligation to ensure "that an expert's testimony both rests on a

8

reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow*

9

*Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993) ("*Daubert I*").

10

"Expert opinion testimony is relevant if the knowledge underlying it has a valid

11

connection to the pertinent inquiry. And it is reliable if the knowledge underlying it has a reliable

12

basis in the knowledge and experience of the relevant discipline." *Elosu v. Middlefork Ranch*

13

*Inc.*, 26 F.4th 1017, 1024 (9th Cir. 2022). The party presenting the expert bears the burden to

14

"show that the expert's findings are based on sound science." *Daubert v. Merrell Dow Pharm.,*

15

*Inc.*, 43 F.3d 1311, 1316 (9th Cir. 1995) ("*Daubert II*").

16

### 1. August 15, 2023 Opinion

17

Dr. Kneuper's August 15, 2023 opinion was on the putative maintenance and repair

18

subclass's damages. Dkt. 111-21, refiled in unredacted form at Dkt. 116-8. (Recall, the putative

19

maintenance and repair subclass asserted claims that Defendants violated the RLTA's

20

maintenance and repair provisions. Dkt. 218.) The putative maintenance and repair subclass and

21

its claims are not suitable for class certification as explained in Section II.B.1. above.

22

Accordingly, Dr. Kneuper's opinion on Plaintiffs' classwide RLTA repair and maintenance

23

24

1  damages claims is not "relevant to the task at hand" relating to those claims and so should be

2  excluded.  *Daubert I* at 597.

3      2.  **September 17, 2024 Supplemental Opinion**

4      In his September 17, 2024 supplemental declaration, Dr. Kneuper opines that "expert

5  economic analysis is unnecessary" with respect to the other subclasses' damages claims.  Dkt.

6  193 at 3.  He contends that fees charged could be presented to a factfinder in a "summary

7  fashion, such as through a 'summary, chart, or calculation' which [he] underst[ood] is permitted

8  under Rule 1006 of the Federal Rules of Evidence."  *Id.*  According to Dr. Kneuper, "a person

9  with general familiarity and experience with reviewing financial documents (e.g. an accountant)

10  could review and analyze Defendants' ledgers and perform such calculations."  *Id.* at 4.

11      Dr. Kneuper's opinion, that no expert economic analysis is necessary to determine the

12  remaining subclasses damage, should be excluded.  There is no showing that this opinion will

13  "help the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid.

14  702(a).  Further, to the extent that Dr. Kneuper opines on whether the subclasses' damages

15  evidence is admissible under Fed. R. Evid. 1006, his opinion should be excluded.  Those are

16  determinations for the court.

17      3.  **Conclusion**

18      Home Partners' Motion to Exclude the Opinions of Robert Kneuper, Ph.D. (Dkt. 199) should

19  be granted, without prejudice to other opinions of Dr. Kneuper, should such opinions be offered.

20          **III.    ORDER**

21      It is **ORDERED** that:

22

23

24

ORDER ON MOTION FOR CLASS CERTIFICATION AND MOTION TO EXCLUDE - 21

- Plaintiffs' Amended Motion for Class Certification and for Appointment of Class Representatives and Class Counsel (Dkt. 189, refiled at Dkt. 218) **IS DENIED** as to Plaintiffs' Maintenance and Repair Subclass and **GRANTED AS FOLLOWS:**

  o The following Classes **ARE APPROVED**:

    ▪ Rule 23(b)(2) Injunctive Class:  All persons who are leasing with Defendants in Washington.

    ▪ Rule 23(b)(3) Damages Class (as amended in accord with this opinion and Plaintiffs' agreement to separate the Late Fee Subclass and Attorneys' Fee Subclass (see footnote 1)):

      - A. All persons who have leased from Defendants under a rental agreement in effect on or after September 21, 2016, and who were charged late fees (the "Late Fee Subclass");

      - B. All persons who have leased from Defendants under a rental agreement in effect on or after September 21, 2016, and who were charged attorneys' fees (the "Attorneys' Fee Subclass");

      - C. All persons who moved in on or after September 21, 2019, and from whom Defendants collected a security deposit without providing a move-in written statement or checklist conforming to the criteria stated in RCW 59.18.260 (the "Move-in Subclass"); and

      - D. All persons who moved out on or after September 21, 2019, and to whom Defendants mailed a statement without providing a full and specific statement for the reason for withholding in

the time and manner specified by RCW 59.18.280 (the "Move-out Subclass").

    o   The following Class Representatives **ARE APPOINTED**: Frank Richmond, Michael McDermott, Kelley McDermott, Chance Gallo, Sheila Nasilasila, and Erin Wise.

    o   The following Class Counsel **ARE APPOINTED**:  Hellmuth & Johnson PLLC, Milberg Coleman Bryson Phillips Grossman PLLC, and Lockridge Grindal Nauen PLLP.

- Defendants' Motion to Exclude the Opinions of Robert Kneuper, Ph.D. (Dkt. 199) **IS GRANTED,** without prejudice to other opinions of Dr. Kneuper, should such opinions be offered.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 19th day of November, 2024.

ROBERT J. BRYAN
United States District Judge

ORDER ON MOTION FOR CLASS CERTIFICATION AND MOTION TO EXCLUDE - 23